BRYAN W. PEASE, State Bar No. 239139
**LAW OFFICE OF BRYAN W. PEASE**
3170 Fourth Ave., Suite 250
San Diego, CA  92103
Tel:   (619) 723-0369
Email:  bryanpease@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| April Davis, Victor Orozco, Alejandro Orozco, Jairo Cervantes Ramirez, Jose Cortes, Marco Amaral, Brenda Vicencio, Madison Goodman, Brandon Steinberg, and Nancy Sanchez,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN, CITY OF SAN DIEGO, SAN DIEGO SHERIFF WILLIAM GORE, COUNTY OF SAN DIEGO, and DOES 1-50,<br><br>Defendants. | Case No.  **'17 CV 1230 BAS NLS**<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.     This action arises under Title 42 United States Code ("U.S.C.") §1983. The Court has jurisdiction pursuant to 28 U.S.C. §1331.  The Court has jurisdiction to issue declaratory and/or injunctive relief pursuant to 28 U.S.C. §§2201 and 2202

1
**COMPLAINT**

and Federal Rule of Civil Procedure 57.

2.     Venue in this judicial district is proper as Defendants are all located in this district, and all acts and omissions occurred here.

**PARTIES**

3.     Plaintiff April Davis is an individual residing in San Diego, California.

4.     Plaintiff Victor Orozco is an individual residing in Daly City, California.

5.     Plaintiff Alejandro Orozco is an individual residing in Los Angeles, California.

6.     Plaintiff Jairo Cervantes Ramirez is an individual residing in San Diego, California.

7.     Plaintiff Jose Cortes is an individual residing in San Diego, California.

8.     Plaintiff Marco Amaral is an individual residing in Imperial Beach, California.

9.     Plaintiff Brenda Vicencio is an individual residing in Spring Valley, California.

10.    Plaintiff Madison Goodman is an individual residing in Huntington Beach, California.

11.    Plaintiff Brandon Steinberg is an individual residing in Laguna Hills, California.

12.    Plaintiff Nancy Sanchez is an individual residing in San Diego, California.

13.    Defendant SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN is an individual residing in San Diego County, California and is named in her official capacity.

14.    Defendant SAN DIEGO COUNTY SHERIFF WILLIAM GORE is an individual residing in San Diego County, California and is named in his official capacity.

COMPLAINT

15. The fictitiously named DOE Defendants are San Diego Police officers and San Diego County Sheriff's Deputies responsible in some manner for the harm alleged herein. The true names and capacities of these DOE Defendants will be added when they are ascertained.

## ALLEGATIONS OF FACT

16. On May 27, 2016, then presidential candidate Donald Trump gave a speech at the San Diego Convention Center, and there were large, peaceful protests that went on for much of the day.

17. Towards the end of the day, tensions rose between anti-Trump and pro-Trump demonstrators. Some minor scuffles took place, water bottles were thrown, and people were yelling at each other.

18. At some point, SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN decided to declare the entire assembly unlawful pursuant to California Penal Code section 409, rather than simply to arrest the individuals who were violating the law.

19. Hundreds of riot police then began marching in military formation all the way from the Convention Center across the bridge into Barrio Logan, arresting anyone in their path who did not move quickly enough. It did not matter that the crowd had largely dispersed and there were only a handful of peaceful demonstrators left. The police continued marching and arresting anyone who happened to be in their way, including Plaintiffs.

20. SHERIFF WILLIAM GORE was complicit in this unconstitutional action to shut down all protests, as the Sheriff's Department cooperated in making the arrests,  and set up a processing department for holding anyone arrested, which was pre-planned and set up for this purpose.

## FIRST CAUSE OF ACTION

### *Monell* Claim –  42 U.S.C. §1983

3

**COMPLAINT**

21. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

22. *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, holds that a municipal entity may be held liable for violations of Constitutional rights committed by its law enforcement officers if the violation was based on either (1) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (2) the decision of a person with "final policymaking authority."

23. By ordering San Diego Police to march in military formation into Barrio Logan and arrest anyone in their path, Defendant SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN acted on behalf of the City of San Diego as a person with final policymaking authority to violate the First and Fourth Amendment rights of Plaintiffs.

## SECOND CAUSE OF ACTION

### Violation of Plaintiffs' California Civil Rights ("Bane Act")

24. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

25. The California Civil Rights statutes, commonly known as the "Bane Act" (California Civil Code §§51-52, *et seq.*), provide protection against interference with an individual's statutory or constitutional rights by force, violence, threats, intimidation, or coercion.

26. These protected rights include, *inter alia*, association, assembly, due process, equal protection, free expression, free speech, use of public facilities, and the right to vote.

27. Here, Defendants are liable to Plaintiff for violating the California Civil Rights laws in that they used force and violence against Plaintiffs (to wit, the false arrest and imprisonment of Plaintiffs and threats to arrest them if they did not

cease lawfully assembly in a public forum) for the express purpose of preventing Plaintiff from exercising his right to engage in peaceful First Amendment activity.

28.    The rights of Plaintiffs which were violated by Defendants were guaranteed, *inter alia*, by the First Amendment to the Federal Constitution; Article I, sections 1, 2, 7 and 13 of the California Constitution; California Civil Code §1708; and California common law.

29.    The false arrests and imprisonment of Plaintiffs were intended to, and did, send a threatening message to Plaintiffs and other similarly situated individuals who sought to peacefully and legally exercise their constitutionally and statutorily protected rights.

30.    This conduct by Defendants violated, *inter alia*, California Civil Code §51.7, §52.1, and §52.3.

31.    The acts and omissions of Defendants, and each of them, proximately and foreseeably caused Plaintiffs to suffer the damages, injuries, and losses alleged herein.

### THIRD CAUSE OF ACTION

### False Imprisonment – California State Law Tort Claim

32.    Plaintiffs re-allege and incorporate by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

33.    Defendants physically restrained Plaintiffs (thereby effectuating false arrests) despite the fact that a reasonable officer in the position of Defendants would have known that Plaintiffs had violated no laws, that probable cause to arrest and/or detain Plaintiffs did not exist, and that arresting and/or detaining Plaintiffs violated Plaintiffs' constitutional rights under clearly established law.

34.    Under California Government Code §820(a), public employees like Defendants are liable to Plaintiffs for injury caused by their acts and omissions to the same extent as private persons would be for the same conduct.

35. Defendants were acting within the course and scope of their employment with Defendant CITY and COUNTY when they falsely imprisoned Plaintiffs. Accordingly, Defendants CITY and COUNTY are liable for any injuries proximately caused by Defendants under California Government Code §815.2(a).

## FOURTH CAUSE OF ACTION

### Assault and Battery – California State Law Tort Claim

36. Plaintiffs re-allege and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

37. Defendants touched, or caused Plaintiffs to be touched, with the intent of harming or offending him when they arrested Plaintiffs.

38. At no time did Plaintiffs consent to Defendants' touching.

39. Plaintiffs were harmed and offended by the conduct of Defendants, and a reasonable person in Plaintiffs' situation would have been offended by Defendants' touching of Plaintiffs.

40. Under California Government Code §820(a), public employees like Defendants are liable to Plaintiffs for injury caused by their acts and omissions to the same extent as private persons would be for the same conduct.

## FIFTH CAUSE OF ACTION

### Negligence

41. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

42. California Civil Code §1714(a) states, "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . ."

43. California tort law defines negligence as follows:

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a

6

**COMPLAINT**

reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. (CACI No. 401 (Basic Standard of Care).)

44.    In committing the acts and omissions described herein above, Defendants, and each of them, knew or in the exercise of reasonable care should have known that their acts and omissions likely would result in Plaintiffs suffering harm.

45.    As peace officers of the CITY and COUNTY, Defendants had a duty to avoid battering, harassing, falsely arresting and imprisoning Plaintiffs. These Defendants further had a duty to obey all state, local and federal laws and to avoid exceeding the scope of their authority in their dealings with Plaintiffs.

46.    In performing the acts and omissions set forth herein, Defendants breached this duty of care they owed to Plaintiffs, and their  negligence was a substantial factor in causing Plaintiffs' harm.

### SIXTH CAUSE OF ACTION

### Declaratory and Injunctive Relief

47.    Plaintiffs re-allege and incorporate by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

48.    Defendant CITY's and COUNTY's policies, practices and customs that have caused the violations complained of herein have resulted in, and will continue to result in, irreparable injury to Plaintiffs, including, but not limited to further violations of his statutory and constitutional rights.

49.    Plaintiffs has no plain, adequate or complete remedy at law to address the wrongs described herein.

50.    Defendants' conduct described herein has created uncertainty among Plaintiff and other similarly situated individuals with respect to Plaintiffs' ability to exercise these legally guaranteed rights.  Specifically, Plaintiffs are concerned that, if arrested, they will again be denied the liberty interest codified in California Penal

Code §853.6 and will be detained until their arraignment unless and until they post a monetary bond.

51.     Plaintiffs therefore seek injunctive relief from this Court, to ensure that Plaintiffs and persons similarly situated will not suffer violations of their rights from Defendants' illegal and unconstitutional policies, customs and practices as described herein.

52.     Plaintiffs also seek injunctive relief in the form of an order requiring that the CITY and COUNTY do the following:  (1) seal and destroy any records derived from Plaintiffs' arrests, including fingerprints, photographs, cell phone data, and other identification and descriptive information, and all information, and biological samples and information obtained Plaintiffs; (2) identify to Plaintiffs all entities and agencies to which such information has been disseminated; and (3) collect and destroy any and all such records that have been disseminated to any other entity, agency, or individual.

53.     An actual controversy exists between Plaintiffs and Defendants in that Plaintiffs contend that the policies, practices and conduct of Defendants alleged herein are unlawful, unconstitutional, whereas Plaintiffs are informed and believe and thereon allege that Defendants contend that said policies, practices and conduct are lawful and constitutional.  Plaintiffs seeks a declaration of rights with respect to this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1)     For general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, in amounts to be determined by the trier of fact, against all Defendants.

(2)     For punitive and exemplary damages against Defendants ZIMMERMAN and GORE, in amounts to be determined by the trier of

fact.

(3)    For past and future medical expenses, if any, in amounts to be determined by the trier of fact, against all Defendants.

(4)    For three times the actual damages awarded, and for a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a) and (b), against all Defendants.

(5)    For a temporary restraining order, preliminary injunction and permanent injunction to prevent Defendants from continuing to arrest Plaintiffs or any other member of the public for First Amendment activity in the absence of a lawful court order or actual statutory violation.

(6)    For reasonable attorney's fees and costs and expenses of litigation, pursuant to CCP §1021.5, Civil Code §52(b)(3), Civil Code §51-52, 42 United States Code §§1983-1988, and any other relevant statutory or case law, against all Defendants.

(7)    For any and all other relief, including interest, to which Plaintiff may be entitled under the law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to each and every cause of action against each and every defendant.

Dated:   June 16, 2017          By:    _/s/ Bryan W. Pease_____
                                        BRYAN W. PEASE
                                        Attorney for Plaintiffs

9

**COMPLAINT**