UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO RAMIREZ, et al.,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE CHIEF SHELLY ZIMMERMAN, et al.,<br><br>Defendants. | Case No.: 3:17-cv-1230-BAS-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE EVIDENCE PURSUANT TO RULE 37(c)(1)**<br><br>**[ECF No. 70]** |

Before the Court is the joint motion of the City and County defendants ("Defendants") to exclude evidence at trial pursuant to Federal Rule of Civil Procedure 37(c)(1) on the grounds that Plaintiffs[1] failed to properly comply with their discovery obligations. As explained in detail below, the Court finds the Plaintiffs failed to comply with their discovery obligations and that discovery sanctions are appropriate, but leaves to the District Judge the question of exclusion or admissibility at trial. Accordingly, the motion is **granted in part and denied in part** as set forth in this Order.

---

[1] As used herein, references to "Plaintiffs" refer only to Plaintiffs in the lead case: Jairo Ramirez, Nancy Sanchez, Madison Goodman and Brandon Steinberg. This excludes Mr. Bryan Pease who is a plaintiff in the consolidated action and counsel for Plaintiffs in the lead action.

1

## I. RELEVANT FACTUAL BACKGROUND

This cases arises from arrests made near the San Diego Convention Center following a rally for and protest against then presidential candidate Trump. Plaintiffs' allege their arrests were unlawful and violated their First and Fourth Amendment rights. *See* ECF No. 38.

Relevant to the instant dispute, depositions occurred in November and into December of 2018, coming up against the close of discovery. *See* ECF Nos. 70-11 (Nancy Sanchez, Nov. 19, 2018); 70-12 (Jairo Cervantes Ramirez, Nov. 28, 2018); 70-13 (Brandon Steinberg, Nov. 29, 2018); and 70-14 (Madison Goodman, Dec. 6, 2018); *see also* ECF No. 59. During their respective depositions, each Plaintiff presented testimony not previously included in the Initial Disclosures or responses to Interrogatories regarding their claimed emotional distress damages. Ms. Sanchez testified that she believed she miscarried because of her arrest. ECF No. 70-11 at 3. When asked why she had not previously provided that information in any written responses or pleading she indicated it was because it was "personal," but responded affirmatively when asked if the "reference to pain and emotional distress includes [her] alleged miscarriage." *Id*. at 6:10-13, 7:14-17.

Mr. Ramirez testified that he was informed his citizenship interview would have to be delayed because of his arrest. ECF No. 70-12 at 6-7. He testified that he had to wait an additional 30 days, making the total time for his citizenship application to process four months rather than three. *Id.* at 9.

Mr. Steinberg testified that he was embarrassed to have to explain his arrest when he applied to join the Marines in July of 2017. ECF No. 70-13 at 3. He also testified that he was told by his recruiter, Sgt. Cosio, that "they didn't accept me for active duty because of the arrest." *Id.* at 4:25-5:1.

Finally, Mr. Goodman testified that he went to the site intending to get video to post on social media. ECF No. 70-14 at 4. He did take video footage and "can find his own video of me getting tackled by police and arrested..." but that "my footage isn't as

good as the Skycam footage." *Id*. at 4-5. He understood that he was "supposed to" provide the videos, but he was busy and did not have the time. *Id.* at 5. He indicated he would locate them and counsel agreed to produce the videos on the record. *Id.* Mr. Goodman also testified he has approximately "a thousand pictures" from the day. *Id.* at 6-7. Mr. Goodman admitted he "hasn't really taken this [lawsuit] as serious as I should have…." *Id.* at 6.

In light of these late revelations at deposition, Defendants seek sanctions pursuant to Rule 37 to exclude from trial any testimony and documents that were not timely or properly disclosed or supplemented during the fact discovery period. ECF No. 70 at 5. Specifically, Defendants address 5 issues that they argue should have been included in either the initial disclosures, responses to interrogatories, or timely supplemented:

1. Plaintiff Nancy Sanchez's emotional distress claim related to her belief that she had a miscarriage due to rough handling by the arresting officers that was not disclosed until her deposition;
2. Plaintiff Jairo Ramirez's emotional distress claim related to his belief that his citizenship application and interview were delayed by 30 days due to his arrest that was not disclosed until his deposition;
3. Plaintiff Brandon Steinberg's emotional distress claim related to his embarrassment in conveying to his recruiting officer that he was arrested when he enlisted in the Marines and the subsequent denial of active duty status that was not disclosed until his deposition;
4. Plaintiff Madison Goodman revealed during his deposition testimony that he had approximately 1000 photographs and several videos from the day of the rally that were never produced during discovery;
5. Plaintiffs failed to identify a witness, Dawn Miller, who was with Ms. Sanchez and Mr. Ramirez for most of the events at the rally and leading up to the time of arrest.

*Id.* at 5, 10, 14.

Plaintiffs' opposition relies heavily the timing of trial date, now set for December of this year. ECF No. 76. Plaintiffs argue this motion is premature and should be presented prior to trial as a motion in limine. *Id.* Plaintiffs point out that each of the cases cited by Defendants were in a procedurally different posture and on the eve of trial when motions to exclude were granted for failure to disclose. *Id.* Plaintiffs also contend that they will not seek to prove the damages actually occurred, *i.e.*, they will not seek to prove Ms. Sanchez had a miscarriage, or that Mr. Ramirez's citizenship was delayed, or Mr. Steinberg's Marine enlistment was affected—only that these newly revealed damages were part of the emotional distress damages already alleged. *Id.* at 6-8. Plaintiffs conclude by arguing that because they never intended to use the testimony of Ms. Miller, and because she did not witness the actual arrests, there was no harm in failing to disclose her as a witness. *Id.* at 9.

In reply, the Defendants note that if not for the consolidation of cases, this case would be at the pretrial stage, making the motion appropriately timed and analogous to all the cases cited. ECF No. 78 at 2. Defendants also argue that Plaintiffs have failed to meet their burden to show that their failure to disclose was substantially justified or harmless. *Id.* at 3.

## II.   LEGAL STANDARD FOR SANCTIONS UNDER RULE 37

Defendants bring their motion pursuant to Rule 37(c), which states in relevant part:

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A)   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B)   may inform the jury of the party's failure; and
> (C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c). "Rule 37(c)(1) gives teeth to [the disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* ("*Yeti*"), 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 37(b)(2)(A)(ii) ("prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"). This rule provides "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti,* 259 F.3d at 1106. The implementation of the sanction is appropriate "even when a litigant's entire cause of action ... [will be] precluded." *Id.*

However, under the plain language of Rule 37, the information may be introduced if the failure to disclose or supplement was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). There are several factors for the Court to consider in determining whether a violation of a discovery deadline is justified or harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). "[T]he burden is on the party facing sanctions to prove harmlessness." *Yeti,* 259 F.3d at 1107.

The Court has great discretion in the imposition of discovery sanctions. *Id*. at 1106 ("although we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)").

### III. DISCUSSION

#### A. Discovery at Issue

Before considering sanctions, there must be a violation of Rule 26. Accordingly, the Court reviews the disclosures and responses.

**Initial Disclosures**: Rule 26(1) governs initial disclosures and states in relevant part:

> (a) *In general*…a party must, without awaiting a discovery request, provide to the other parties:
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.
> (e) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. **A party is not excused from making its disclosures because it has not fully investigated the case** or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(1) (emphasis added).

Plaintiff's Rule 26 initial disclosures are dated October 27, 2017, are signed by counsel, and are a single page in length. *See* ECF No. 70-5. The disclosures list 12 witnesses, the 9 (at the time) named plaintiffs; Mr. Pease (their counsel); and 2 reporters

from channel 10. *Id*. at 3.² Documents listed are only "1. Photos, videos and media stories; 2. Booking records." *Id.* Finally, the damages listed are: "1. Pain, suffering and emotional distress: $15,000 per plaintiff; 2. Punitive damages against City and County: $25,000 per plaintiff; 3. Attorneys' fees and costs." *Id.* The disclosures also note there is no insurance, but contain no other information. *Id.*

Absent from the disclosures is any basis for emotional distress damages such as miscarriage, delayed citizenship, or embarrassment/effect on Marine enlistment.

**Interrogatories**: Interrogatories are governed by Rule 33 which requires: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The responding party waives any objections not made, and objections must be made with specificity. Fed. R. Civ. P. 33(b)(4). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Springer v. Gen. Atomics Aeronautical Sys. Inc.*, 16CV2331-BTM (KSC), 2018 WL 490745, at *1 (S.D. Cal. Jan. 18, 2018) (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *see also Anderson v. Hansen*, No. 09-cv-01924-LJO, 2012 WL 4049979, at *8 (E.D. Cal. Sept. 13, 2012) (overruling the defendant's boilerplate objections to requests for admissions in their entirety because "boilerplate objections do not suffice" and because objections must be clarified, explained, and supported); *M2 Software, Inc. v. M2 Commc'ns, L.L.C.*, 217 F.R.D. 499, 501 (C.D. Cal. 2003) (boilerplate General Objections "are not sufficient to raise any substantial, meaningful or enforceable objections to any particular discovery request"); *Schultz v. Sentinel Ins. Co., Ltd*, No. 4:15-CV-04160-LLP, 2016 WL 3149686, at *7 (D.S.D. June 3, 2016) ("boilerplate 'general objections' fail to preserve any valid objection at all because they are not specific to a particular discovery request…").

---

² All page number references are to the page number generated by the CM/ECF header.

Defendants issued the following interrogatory to each of the remaining Plaintiffs:

> 1. State all facts to support your claim that you suffered pain or emotional distress as a result of the conduct of the City.

ECF Nos. 70-7 at 5; 70-8 at 5; 70-9 at 5. In response, each of the Plaintiffs stated:

> Responding Party responds that the City's conduct in threatening, firing pepper spray at, arresting, and detaining Plaintiff violated Plaintiff's First and Fourth Amendment rights, caused Plaintiff pain and emotional distress, and effectively deterred Plaintiff from participating in public forums.[3]
>
> …
>
> Plaintiff suffered pain and emotional distress as a result of the City threatening to arrest Plaintiff and threatening to take a swing at peaceful protests. The City threatened to arrest Plaintiff for failing to cease from lawfully assembling in a public forum. [4]
>
> …
>
> Plaintiff suffered pain and emotional distress as a result of the City firing pepper spray at Plaintiff.[5]
>
> …
>
> Plaintiff suffered pain and emotional distress as a result of the City physically preventing Plaintiff from lawfully assembling in a public forum, detaining Plaintiff despite Plaintiff having violated no laws, falsely arresting Plaintiff, and imprisoning Plaintiff.[6]
>
> …
>
> The City suppressed Plaintiff's constitutionally protected rights to free speech and assembly, and caused Plaintiff ongoing emotional distress.[7]
>
> …

---

[3] Appearing in the responses of all 3 Plaintiffs whose responses are contested: ECF Nos. 70-7 at 5; 70-8 at 5; 70-9 at 5.

[4] This statement does not appear in Plaintiff Ramirez's responses. *Compare* ECF No. 70-8 *with* ECF No. 70-7 at 5-6; 70-9 at 5-6.

[5] ECF Nos. 70-7 at 6; 70-8 at 6; 70-9 at 6. Recent filings have made clear no Plaintiff was affected by pepper spray. *See* ECF No. 72 at 9 ("It should be noted that *none of the plaintiffs to either action (including Mr. Pease) were peppersprayed, pepperballed, or came into contact with any Sheriff's deputy deploying these agents…*") (emphasis in original).

[6] ECF Nos. 70-7 at 6; 70-8 at 6; 70-9 at 6;

[7] ECF Nos. 70-7 at 6; 70-8 at 6; 70-9 at 6;

> The City's arrest and detention of Plaintiff caused pain to Plaintiff because the City used force and violence against Plaintiff.[8]

In addition, Defendants asked in Interrogatory 2 for Plaintiffs to "Identify all witnesses to support your claim that you suffered pain or emotional distress as a result of the conduct of the City." ECF Nos. 70-7 at 7; 70-8 at 7, 70-9 at 7. Each Plaintiff responded in a similar manner, stating "The only witnesses known to the Responding Party at this time are all of the Defendants and [one other named] Plaintiff." *Id.* Ms. Sanchez and Mr. Ramirez identified each other as their witnesses, and Mr. Steinberg identified Madison Goodman. *Id.* Ms. Miller is not identified. The City issued a third interrogatory requesting any documents that support emotional distress claims and the response included a list of YouTube video links. *Id.*[9] Mr. Goodman's photographs and videos are not specifically identified.

Each set of interrogatories are signed by counsel and verified by each Plaintiff: Ms. Sanchez's responses and verification are dated March 14, 2018, ECF No. 70-7 at 11-12; Mr. Ramirez's responses are dated March 14, 2018 and the verification is dated March 12, 2018, ECF No. 70-7 at 11-12; and Mr. Steinberg's responses are dated March 14, 2018 and the verification is dated March 12, 2018, ECF No. 70-9 at 11-12.

**Amended Disclosures**: On November 26, 2018, following the depositions of Plaintiffs Sanchez, Ramirez, and Steinberg, Plaintiffs amended their Rule 26 disclosures. The disclosures removed as witnesses plaintiffs that were dismissed from the action, leaving only the four remaining Plaintiffs and two reporters. ECF No. 70-15. To the documents section, Plaintiffs added "social media posts," "medical records of Nancy Sanchez" and the "Naturalization application records of Jairo Cervantes Ramirez." *Id.*

---

[8] ECF Nos. 70-7 at 6; 70-8 at 6; 70-9 at 6;
[9] The responses for witnesses and documents were unchanged from the persons and documents identified in Plaintiff's responses to interrogatories regarding claims against the individual officers (as opposed to the City). *See, e.g.,* ECF Nos. 70-7 at 8-9 (Special Interrogatories 4-6).

Finally, the damages section is amended to state three new categories of emotional distress damages:

1. Pain, suffering and emotional distress: $15,000 per plaintiff for false arrest and imprisonment.
2. Punitive damages against City and County: $25,000 per plaintiff for false arrest and imprisonment.
3. Additional pain, suffering and emotional distress for Nancy Sanchez for being roughly handled by police after informing them she might be pregnant, and believing she suffered a miscarriage during the incident.
4. Additional emotional distress damage for Jairo Cervantes Ramirez due to the false arrest delaying the granting of his pending citizenship application for months.
5. Additional emotional distress for Brandon Steinberg suffering humiliation, embarrassment and anxiety in explaining to the US Marines why he should still be allowed to become a Marine after this false arrest.
6. Attorneys' fees and costs.

ECF No. 70-15 at 3-4. These amendments to the initial disclosures were made just four days prior to the close of discovery and well after Plaintiffs were each aware of their own claims for emotional distress damages.

## B. Defendants Have Established a Violation of Rule 26

Here, the Court finds that Plaintiffs failed to comply with their disclosure requirements and that reasonable inquiry with clients in advance of making the initial disclosures or discovery responses should have revealed the specific damages that were not unveiled until the depositions of the parties. *See* Fed. R. Civ. P. 26(g) ("By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry… with respect to a disclosure, it is complete and correct as of the time it is made"). Ms. Sanchez testifies that she believed her arrest caused the miscarriage, a belief that was formed well before her deposition, the time she signed her interrogatory responses, and the time of initial disclosures. ECF Nos. 70-7 at 12; 70-11 at 6-7. Nevertheless, at no time prior to her deposition were the disclosures or responses supplemented or amended. Likewise, Mr. Steinberg began his enlistment process in July of 2017 and was well aware of his claim that the arrest affected his

10

enlistment at the time he signed his responses to interrogatories in March of 2018. ECF Nos. 70-9 at 12; 70-13 at 5-6. Again, at no time prior to his deposition were his disclosures or interrogatories supplemented to reflect this basis for damages.

Mr. Ramirez presents a slightly different picture. Mr. Ramirez's testimony is that his conversation with a representative that processes his citizenship application took place four months prior to the deposition—which places the interview in approximately June or July of 2018. *See* ECF No. 70-12 at 6-7. Mr. Ramirez was unaware of this purported emotional distress at the time of the disclosures and at the time he signed his interrogatory responses. However, Mr. Ramirez did not supplement his disclosures or interrogatory responses until following his deposition, which, as he testified, was four months later. Under Rule 26(e), a party must supplement or correct a disclosure or response "in a timely manner if the party learns that in some material respect the response is incomplete or incorrect…." Fed. R. Civ. P. 26(e)(1)(A).

Mr. Goodman admits that he did not take this "as serious[ly] as [he] should have" and did not provide all the pictures and video in his possession despite knowing "[he] was supposed to." ECF No. 70-14 at 4:25, 6:16-17.

And Dawn Miller, while perhaps not a witness to the actual arrests, is a witness to the events leading up to the arrest and thus, likely to have relevant information. It is well settled that evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Denying Defendants an opportunity to depose Ms. Miller regarding the circumstances of the day was prejudicial, particularly because Plaintiffs are alleging the declaration of unlawful assembly was improper. Ms. Miller, as a witness to the events of the day, may have relevant and probative testimony regarding the circumstances leading up to that declaration that is unique due to her proximity to the named Plaintiffs as well. Ms. Miller should have been identified as a witness regardless of the Plaintiffs' intentions to call her at trial for the purposes of testimony.

Defendants have met their burden to show failure to comply with the requirements of Rule 26. In light of the various extensions of fact discovery, Plaintiffs have had 13

months of fact discovery in this straightforward civil rights case.[10] During that time, Plaintiffs failed to provide complete initial disclosures, accurately and completely respond to interrogatories, properly and in a timely manner supplement disclosures and responses, and provide responsive documents. These are clear violations of both the letter and spirit of Rule 26.

### C. Discovery Sanctions are Appropriate

The Court next evaluates whether the failures to disclose or supplement were harmless or substantially justified. Plaintiffs offer no argument on harmlessness and offer no justification.

The Court finds the omissions were not harmless. By excluding these claims of damages from the initial disclosures or interrogatory responses, and failing to timely or properly supplement the disclosures and responses, the Plaintiffs have deprived the Defendants the ability to pursue relevant evidence: For example, to timely subpoena documents such as medical records or citizenship applications or to depose witnesses including Sgt. Cosio and Ms. Miller regarding their knowledge of events and claims. While Plaintiffs may not intend to call Ms. Miller, Defendants may find her testimony valuable, and were deprived of the opportunity to pursue relevant, discoverable information.

---

[10] The Court's original scheduling order on November 6, 2017 set the close of fact discovery for June 1, 2018 and a trial date of February 25, 2019. ECF No. 18. In May of 2018, due to the addition of numerous defendants, the parties requested the Court amend the scheduling order, and extend all dates by 90 days. ECF No. 39. The Court granted this request and issued the First Amended Scheduling Order, extending all deadlines by 90 days, making the fact discovery deadline September 4, 2018, the pretrial disclosure deadline April 22, 2019, and trial date for July 16, 2019. ECF No. 40.

In August, 2018, the parties again requested a 90 day extension of only the fact and expert discovery deadlines due to the upcoming deadlines, outstanding discovery, the number of plaintiffs and defendants involved (at the time, 7 plaintiffs and 31 individual officers of the City and County), and the trial schedules of counsel. ECF No. 51. The Court granted in part and denied in part this request. ECF No. 52. The Court permitted the parties nearly the entire requested 90 days to complete outstanding discovery, making the cut-off November 30, 2018 and permitting a total of 13 months to complete fact discovery. *Id.*

Plaintiffs offer no substantial justification for the inadequate disclosures and supplements, and the Court finds none. Plaintiffs' opposition offers no explanation for the late revelation of new theories of emotional distress damages on the eve of the close of discovery. Plaintiffs suggest that it was the Defendants' own failure to schedule depositions at an earlier time that caused the late revelation of these new damages, documents, and witnesses. ECF No. 76 at 9. However, the Defendants' reply and exhibits plainly show multiple attempts to schedule depositions beginning in July of 2018. ECF No. 78.

Plaintiffs continually point to a distant trial date, but fail to acknowledge the initial dates set in the previous scheduling order, the several extensions of time that were granted to complete discovery, and their own opposition to the consolidation of cases which prompted the revised trial date on which they now rely.[11] Plaintiffs' attempts to distinguish cases cited by Defendants on the basis that this case is far from trial is a red herring, as this case would be in a nearly identical procedural posture had not Mr. Pease brought his own separate action. But the distant trial date is also a fact of this case that cannot be ignored.

The Court finds that under the circumstances and without any justification offered by Plaintiffs, exclusion of these undisclosed damages, witnesses, and documents at trial is supported by case law. *See Hampton v. Allstate Corp.*, C13-0541JLR, 2014 WL 1569239, at *9 (W.D. Wash. Apr. 18, 2014) (excluding from consideration damages

---

[11] In September of 2018, the City of San Diego filed an answer in the separate action filed by Mr. Pease individually, and the Court set an Early Neutral Evaluation to occur for that case in October. *See* Docket for 18cv1062, ECF Nos. 3, 5, 7. Shortly thereafter, the Defendants filed a motion to consolidate the two actions, which the District Judge converted to an Order to Show Cause why the cases should not be consolidated. ECF Nos. 54, 55. Plaintiffs and Mr. Pease jointly opposed the consolidation. ECF No. 61. The cases were consolidated by order of the Court on December 19, 2018. ECF No. 68.

All parties participated in a case management conference on January 11, 2019. Plaintiffs' position was that discovery should be re-opened for the *Ramirez* case and both cases should proceed with additional discovery through July 1, 2019. ECF No. 72. Finding no good cause to re-open discovery, the Court set fact discovery deadlines for Mr. Pease's case; and provided a consolidated schedule for all remaining dates, including expert discovery, to proceed jointly. ECF Nos. 73, 74.

13

related to a horse-breeding business that were not disclosed until deposition near the close of discovery for motion for summary judgment); *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.*, CV F 10-1284 LJO DLB, 2011 WL 4375264, at *4 (E.D. Cal. Sept. 19, 2011) (excluding a building damages theory not offered until deposition at the close of discovery). However, evidence preclusion can be a harsh remedy. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (finding preclusion particularly harsh when it amounts to dismissal of claim). And, as discussed, the consolidation—which Defendants initially sought—and resulting distant trial date must be taken into consideration. Likewise, the ability to cure the prejudice is a factor for the Court to consider when evaluating harmlessness and Rule 37 sanctions. *Lanard Toys*, 375 F. App'x at 713.

In light of Plaintiffs' late and unexplained failure to reveal the particulars of their claimed damages, the Court finds discovery sanctions in the form of cost shifting for all additional discovery allowed Defendants as to these particular damages an appropriate remedy. This remedy provides Defendants with the opportunity to properly pursue discovery, witness testimony, and rebuttal evidence related to the emotional distress claims and sanctions Plaintiffs for their failure to properly disclose this information. Alternatively, Plaintiffs Sanchez, Ramirez, and Steinberg may decide to withdraw their specific emotional distress claims and instead only pursue the "garden variety" emotional distress claims that were initially, timely disclosed.

Regardless of Plaintiffs' decision regarding pursuit of new avenues of emotional distress damages, the Defendants may obtain documents from Mr. Goodman and take the deposition of Ms. Miller.

This order expresses no opinion on the admissibility of any evidence at trial, as that is left to the discretion of the District Judge. Nor is this order intended to affect the parties' ability to present motions in limine relating to these damages claims should the case proceed to trial.

///

14

3:17-cv-1230-BAS-NLS

Accordingly, the Court **ORDERS** the following discovery sanctions:

1. **Plaintiff Nancy Sanchez**: If Plaintiff does not withdraw her claim for emotional distress based on her belief she might have had a miscarriage, (she can still claim and testify as to other garden variety emotional distress) then:
    a. Plaintiff shall identify with specificity all medical providers from whom Plaintiff Sanchez received any OB/GYN medical care in the year prior to the Rally up to the present. Plaintiff shall provide authorizations for records from each of those providers.
    b. Defendant may depose any medical provider who treated Ms. Sanchez for OB/GYN related issues in the time period one year prior to the Rally up to the present.
    c. Plaintiff shall pay the costs of any document production and deposition requested by Defendant.
    d. Document production and depositions shall be completed by **May 3, 2019.**

2. **Plaintiff Jairo Cervantes Ramirez**: If Plaintiff Cervantes does not withdraw his claim for emotional distress based on the delay in his citizenship (he can still claim and testify as to other garden variety emotional distress), then:
    a. Plaintiff shall identify with specificity all documents that support his claim that his citizenship application was delayed; and all witnesses who could testify to the reasons for the delay;
    b. Defendant may depose any witness identified by Plaintiff regarding his citizenship application;
    c. Plaintiff shall pay the costs of any document production and deposition requested by Defendant; and
    d. Document production and depositions shall be completed by **May 3, 2019.**

3. **Plaintiff Brandon Steinberg**: If Plaintiff Steinberg does not withdraw his claim for emotional distress based on the status of his Marine enlistment or embarrassment regarding his interactions with his recruiter (he can still claim and testify as to other garden variety emotional distress), then:
    a. Plaintiff shall identify the name of his recruiter and the dates he had discussions with his recruiter and provide any documents he submitted to the recruiter regarding his application for enlistment.
    b. Defendant may depose any recruiter(s) identified by Plaintiff regarding his enlistment application.
    c. Plaintiff shall pay the costs of any document production and deposition requested by Defendant.
    d. Document production and depositions shall be completed by **May 3, 2019.**
4. **Plaintiff Madison Goodman**:
    a. Plaintiff shall produce all photos/videos taken by Mr. Goodman that have not yet been produced and are responsible for any costs associated with production.
    b. Defendants may re-depose Mr. Goodman if they deem it necessary and Plaintiff shall pay the cost of the deposition.
    c. Document production and any deposition shall be completed by **May 3, 2019.**
5. **Witness Dawn Miller**
    a. Plaintiffs must provide Ms. Miller's contact information;
    b. Defendants may depose Ms. Miller and Plaintiffs shall pay the cost of the deposition;
    c. Any deposition shall be completed by **May 3, 2019.**

Discovery in the lead case is re-opened only for the Defendants' pursuit of these specific items.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to exclude evidence is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated: February 8, 2019

Hon. Nita L. Stormes
United States Magistrate Judge