# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO CERVANTES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN, *et al.*, <br><br> Defendants. | Case No. 17-cv-1230-BAS-NLS <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISCOVERY ORDER** <br><br> **[ECF No. 80]** |

Upon consideration of Defendants' Rule 37(c)(1) motion to exclude untimely disclosed information (ECF No. 70), Magistrate Judge Nita Stormes issued a discovery order (the "Discovery Order" or "Order") which concludes that the *Cervantes* Plaintiffs ("Plaintiffs") committed various Rule 26 discovery violations that warrant imposition of discovery sanctions. (ECF No. 79.) Pursuant to this Court's Standing Order, Plaintiffs object to the Discovery Order in a noticed motion. (ECF No. 80). Plaintiffs contend that they did not commit certain discovery violations the Discovery Order identifies, and Plaintiffs request that the Court vacate the Order's sanctions. (ECF Nos. 80, 86.) Defendants oppose and argue that the Court should affirm the Discovery Order. (ECF No. 84.) For the reasons herein, the Court denies Plaintiffs' motion for reconsideration.

# RELEVANT BACKGROUND

Plaintiffs provided Rule 26(a) Initial Disclosures to Defendants on October 27, 2017. (ECF No. 70-5.) These disclosures identified two categories of documents: "photos, videos, and media stories" and "booking records." (*Id.* at 2.) The disclosures identified as witnesses the then nine named plaintiffs, Pease, and two reporters. (*Id.*) The disclosures also identified, *inter alia*, "damages" of "pain, suffering and emotional distress: $15,000 per plaintiff," without detail. (*Id.*)

During fact discovery, the City propounded interrogatories. In its first set, Special Interrogatory No. 1 instructed: "[s]tate all facts to support your claim that you suffered pain or emotional distress as a result of the conduct of the City." (ECF No. 70-7 at 4.) Special Interrogatory No. 4 focused on "pain or emotional distress" suffered "as a result of the conduct of any San Diego Police Officer." (*Id.* at 7.) Special Interrogatory No. 3 further instructed: "[i]dentify all witnesses to support your claim that you suffered pain or emotional distress as a result of the conduct of the City." (*Id.* at 6.) Plaintiffs Nancy Sanchez, Jairo Cervantes and Brandon Steinberg served verified responses to these interrogatories, dated March 14, 2018. (ECF No. 70-7 (Sanchez); ECF No. 70-8 (Cervantes); ECF No. 70-9 (Steinberg).) In response to Special Interrogatories Nos. 1 and 4, each Plaintiff stated that he or she suffered "pain and emotional distress" because of the "City's conduct in threatening, firing pepper spray at, arresting, and detaining" him or her and "as a result of the City physically preventing Plaintiff from lawfully assembling in a public forum, detaining Plaintiff. . ., falsely arresting Plaintiff, and imprisoning Plaintiff." (ECF No. 70-7 at 4–5, 7; ECF No. 70-8 at 4–5, 7; ECF No. 70-9 at 4–5, 7.) In response to Special Interrogatory No. 3, Sanchez identified "all of Defendants" and Cervantes as "the only witnesses" known to her "at this time" for her claim of pain and suffering. (ECF No. 70-7 at 6.) Cervantes in turn identified "all of Defendants" and Sanchez as "the only witnesses" known to him "at this time." (ECF No. 70-8 at 6.) Steinberg

identified all Defendants and Goodman as witnesses to his claim. (ECF No. 70-9 at 6.) In its second set of Special Interrogatories, the City inquired about Plaintiffs' responses to requests for admission ("RFAs"). In response to Special Interrogatory No. 21, Sanchez stated that "Defendants battered her by falsely arresting her." (ECF No. 70-10 at 6.) No further information was provided.

Over a year after Plaintiffs' Initial Disclosures and several months after Plaintiffs' written discovery responses, the City took Plaintiffs' dispositions in mid-November 2018. By this time, fact discovery in *Cervantes* was set to close on November 30, 2018, after several extensions. (ECF No. 52.) During Sanchez's November 19, 2018 deposition, Sanchez testified that she believed she had a miscarriage as a result of conduct by City officers during her arrest, which she would claim as an injury. (ECF No. 70-11, Sanchez Dep. at 50:11–25.) She described seeing a doctor within a week of her arrest. (*Id*. at 64:1–13.) When directly asked why she did not provide this information in her written discovery responses, Sanchez testified that the information is "personal." (*Id.* at 53:10–13.) During her deposition, Sanchez also identified Dawn Miller as a person who was present on the day of the rally but from whom Sanchez was separated due to pushing by law enforcement. (ECF No. 78-3, Sanchez Dep. 34:7–15, 41:18–25.)

On November 26, 2018, following Sanchez's deposition, Plaintiffs amended their Initial Disclosures. (ECF No. 70-15.) Plaintiffs added to the "documents" section "medical records of Nancy Sanchez" and "[n]aturalization application records of Jairo Cervantes Ramirez." (*Id*. at 2.) Although these amendments were made after nearly a year of discovery, it does not appear that Plaintiffs provided Defendants with copies of these documents. Plaintiffs also disclosed new damages: (1) for Sanchez, for "being roughly handled by police after informing them she might be pregnant, and believing she suffered a miscarriage during the incident;" (2) for Cervantes, for

an alleged delay "for months" in the grant of his pending citizenship application as a result of the alleged false arrest; and (3) for Steinberg, for "suffering humiliation, embarrassment, and anxiety in explaining to the U.S. Marines why he should still be allowed to become a Marine after []his false arrest." (*Id*. at 3.) It does not appear that Plaintiffs provided any documents for these new damages. Finally, Plaintiffs reduced the number of witnesses to the four remaining Plaintiffs and two reporters. (*Id.* at 2.)

Depositions of Cervantes and Steinberg occurred respectively on November 28 and November 29, 2018, a mere two to three days after the amended disclosures and on the eve of the close of fact discovery. (ECF No. 70-12 (Cervantes Dep.); ECF No. 70-13 (Steinberg Dep.).) Cervantes and Steinberg testified about their amended damages disclosures, with Steinberg additionally testifying about his belief that he was not placed on active duty because of his arrest.[1] (Cervantes Dep. 76:22–79:2, 100:6–18; Steinberg Dep. 58:4–63:24.) Cervantes also testified that he and Sanchez "always talk about" about the day Sanchez was arrested and specifically, "we could have had a baby if that wouldn't have happened." (Cervantes Dep. 47:3–9.) During Goodman's December 6, 2018 deposition, Goodman testified that he had "like a thousand pictures" and video which he shot on the day of the Trump rally, which he did not provide during discovery because he "was so busy" and "I haven't really taken this as serious as I should have[.]" (ECF No. 70-14, Goodman Dep. at 16:24–17:11, 43:14–23, 49:13–14.) At this point, fact discovery was closed.

---

[1] In their underlying Rule 37 motion, Defendants contended that Cervantes and Steinberg disclosed their new damages "for the first time" at their depositions. (ECF No. 70 at 1, 3; Richardson Decl. ¶¶ 15–16.) The Discovery Order relies in part of this representation. (ECF No. 79 at 2 (citing ECF No. 70-1 at 3).) The Discovery Order also states that Plaintiffs amended their Initial Disclosures "[o]n November 26, 2018, following the depositions of Plaintiffs, Sanchez, Ramirez, and Steinberg[.]" (*Id*. at 9.) As a technical matter, Initial Disclosures for Cervantes and Steinberg were amended prior to these Plaintiffs' respective depositions.

On December 27, 2018, Defendants moved pursuant to Rule 37(c)(1) to exclude from trial "all evidence of these newly asserted damages claims, testimony from these newly-identified witnesses, and all photographs, video and social media posts that were not previously disclosed or produced[.]" (ECF No. 70 at 2.)[2] In the February 8, 2019 Discovery Order, Magistrate Judge Stormes determined that Plaintiffs committed several Rule 26 violations, which Plaintiffs failed to show were harmless or substantially justified. (ECF No. 79 at 10–13.) Rather than ordering exclusion, Judge Stormes ordered two sets of cost-shifting sanctions. (*Id.* at 14.) Under the first set of cost-shifting sanctions, Plaintiffs must provide certain information to Defendants and Defendants may conduct certain third-party depositions at Plaintiffs' expense or, alternatively, Plaintiffs can withdraw their specific emotional distress claims and pursue only "the 'garden variety' emotional distress claims that were initially, timely disclosed." (*Id.* at 14–16.) Under the second set of cost-shifting sanctions, Plaintiffs must produce Goodman's unproduced photographs and video and provide Miller's contact and Defendants may re-depose Goodman as well as take Miller's deposition, all at Plaintiffs' expense. (*Id.* at 16.) Plaintiffs timely object. (ECF No. 80.)

**STANDARD OF REVIEW**

A magistrate judge may issue a written order deciding any pretrial matter not dispositive of a party's claim or defense. Fed. R. Civ. P. 72(a). A party may appeal a magistrate judge's order on a pretrial nondispositive matter through filing

---

[2] In their opposition to Plaintiffs' motion for reconsideration, Defendants contend that they alternatively requested reopening fact discovery to allow Defendants to conduct further discovery. (ECF No. 84 at 2.) This contention is contradicted by Defendants' express argument in their underlying discovery motion that Plaintiffs should be precluded from relying on any untimely disclosed information and witnesses, particularly because additional discovery would be time-consuming and would "greatly expand Plaintiffs' claims[.]" (ECF No. 70-1 at 13–14; ECF No. 78 at 4.) Even so, Rule 37(c) imbues a court with broad discretion to impose non-exclusion sanctions, whether requested or not. *See* Fed. R. Civ. P. 37(c)(1). For this reason, the Court similarly rejects Plaintiffs' suggestion that it was improper for Judge Stormes to impose non-exclusion sanctions.

objections within 14 days. *Id*. This Court requires such objections to be filed as a noticed motion. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases. ¶ 3. A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Factual determinations are reviewed for clear error and legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir 1991). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623(1993) (quotation omitted); *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). The contrary to law standard requires de novo review of legal conclusions. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008) (quotation marks and citations omitted).

## DISCUSSION[3]

### A. The Discovery Order's Procedural Propriety

As an initial matter, Plaintiffs object that the Discovery Order "was procedurally improper" because a motion to exclude evidence is a dispositive motion over which a magistrate judge lacks jurisdiction. (ECF No. 80-1 at 11.) The Court overrules this objection for a few reasons. First, as a general matter, discovery

---

[3] Plaintiffs take issue with Defendants' underlying discovery motion and the Discovery Order by arguing that Defendants allegedly committed discovery violations as well. (ECF No. 80-1 at 14, 16, 17–18.) These issues are irrelevant. "[L]itigants are not excused from their obligations under the rules of procedure merely because an opponent has failed to comply with his obligations." *Carr v. Deeds*, 453 F.3d 593, 604 (4th Cir. 2006). Accordingly, this order will not address Plaintiffs' briefing on these issues.

matters, including sanctions, are within a magistrate judge's authority. *See Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions.")). Second, there are eight statutorily-identified dispositive motions on which magistrate judges may "conduct hearings" and submit "proposed findings of fact and recommendations for the disposition" to the district judge. 28 U.S.C. § 636(b)(1)(A)–(B); Fed. R. Civ. P. 72(b). Defendants, however, did not seek discovery sanctions in connection with any of the identified dispositive motions. Finally, the sanctions that Judge Stormes ultimately ordered do not dispose of Plaintiffs' claims. *See Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) ("[T]he magistrate's jurisdiction to order sanctions, rather than recommend sanctions to the district court, is dependent upon whether. . . sanctions are characterized as dispositive or non-dispositive of a claim or defense of a party."). Thus, the Court overrules Plaintiffs' procedural impropriety objection.

## B. Whether the Discovery Order is Clearly Erroneous or Contrary to Law

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of" exclusion, a court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(A), (C). Rule 37(c)(1) contains no express timing requirement for when a party must move for Rule 37(c)(1) sanctions.[4]

---

[4] The timing of a Rule 37(c)(1) motion is relevant to the question of which sanctions should be imposed. For example, exclusion is entirely proper for untimely disclosures made on the eve of

– 7 –

This Rule sets up a three-step framework for applying Rule 37(c). First, a court must determine whether a party has violated its Rule 26(a) or (e) disclosure obligations. If the party has, exclusion of untimely disclosed information is a "self-executing, automatic sanction[.]" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Under the second-step, however, a party is relieved from exclusion by showing that its Rule 26(a) or (e) violation is substantially justified or harmless. If the party makes this showing, exclusion is not warranted. At the third-step, a court may choose to impose sanctions "in addition to or instead of" exclusion. The Court considers Plaintiffs' objections at each step and overrules each objection.

### 1. Rule 26(a) and (e) Disclosure Violations

The Discovery Order concludes that Plaintiffs violated Rule 26 by: (1) failing to timely disclose or supplement discovery responses concerning Sanchez's, Cervantes's and Steinberg's claimed damages, (2) failing to disclose Dawn Miller as a witness for Sanchez, and (3) failing to produce videos and documents in Goodman's possession. (ECF No. 79 at 10.) Plaintiffs object that they were under no obligation to disclose Miller or produce Goodman's documents. (ECF No. 80-1 at 16–19.) Tellingly, Plaintiffs do not seriously challenge the Discovery Order's Rule 26 findings and conclusions regarding Plaintiffs' belated disclosures for newly claimed damages. The Court focuses on Miller and Goodman.

---

trial. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014) (affirming exclusion of 38 relevant witnesses disclosed on eve of trial); *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175 (9th Cir. 2008) (excluding from trial damages evidence disclosed on eve of trial). The filing of a Rule 37(c)(1) motion before the eve of trial does not render the motion premature for Rule 26(a) or (e) violations already committed by a party, but merely impacts whether a court should impose sanctions less drastic than exclusion. Accordingly, the Court rejects Plaintiffs' objection that Defendants' underlying Rule 37(c)(1) motion "was extremely premature" because it came before "any pretrial disclosures are even due." (ECF No. 80-1 at 9.)

### a. Disclosure of Dawn Miller

Plaintiffs object that they had no Rule 26 obligation to initially disclose Dawn Miller as a witness for Sanchez because Miller is not someone who Sanchez will use to support her claims. (ECF no. 80-1 at 16.) Plaintiffs further contend that Defendants' interrogatories only required identification of "all witnesses to support" Sanchez's claims. (*Id.* at 17.) The Court overrules this objection.

Rule 26(a) requires that "a party must, without awaiting a discovery request, provide to the other parties":

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . .
>
> Fed. R. Civ. P. 26(a)(1)(A)(i).

As with all required initial disclosures, a party must disclose this information "based on the information then reasonably available to it" even if the party "has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E). In addition, Rule 26(e) imposes a continuing duty on a party to supplement or correct the party's Rule 26(a) disclosures as well as the party's discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e). Rule 26(g) further requires a party to certify that its disclosures and discovery responses are "formed after a reasonable inquiry," a requirement with which a party confirms compliance by signing the relevant disclosure or discovery response. Fed. R. Civ. P. 26(g).

Even if the Court sets aside Plaintiffs' questionable argument that they did not have to disclose Miller pursuant to Rule 26(a)(1)(A)(i), Defendants' interrogatory instructed Sanchez to "[i]dentify all witnesses to support your claim that you suffered pain or emotional distress as a result of the conduct of the City." (ECF No. 70-7 at 6.) The interrogatory can be fairly read to require Sanchez to disclose all witnesses with information that pertain to her claim of pain and emotional distress that she allegedly suffered as a result of the City's conduct. Sanchez's very response to the interrogatory purported to identify the "only witnesses" she was aware of "at the time" of her response. (*Id.*) Yet, Sanchez's deposition testimony indicates that Sanchez and Miller were together as law enforcement pushed both of them. Under these circumstances, the Court cannot conclude that the Discovery Order clearly errs in concluding that Plaintiffs failed to comply with their Rule 26 obligations by not disclosing Miller before Sanchez's deposition.

### b. Disclosure of Goodman's Photographs and Videos

Plaintiffs object that they "were never under any obligation to produce photographs and video taken by Madison Goodman unless they were to be used to support his damages claims, and not solely for impeachment." (ECF No. 80-1 at 19.) Plaintiffs contend that Defendants "never asked for all photos and videos of the event in written discovery." (*Id.*) The Court overrules this objection.

Rule 26(a) requires that "a party must, without awaiting a discovery request, provide to the other parties":

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment,

Fed. R. Civ. P. 26(a)(1)(A)(ii).

This Rule "requires a party to disclose all documents which are relevant to his claims and defenses." *Estakhrian v. Obenstine*, No. CV11-3480-FMO (CWx), 2016 WL 6868178, at *8 (C.D. Cal. Feb. 29, 2016). Vague descriptions of documents are insufficient. *See N. Am. Lubricants Co. v. Terry*, No. 11-cv-1284-KJM-GGH, 2011 WL 582832, at *5 (E.D. Cal. Nov. 18, 2011) (finding description "business files for NALC" to be so broad as to be meaningless).

Plaintiffs' October 2017 Initial Disclosures undermine Plaintiffs' contention that Defendants were required to serve a separate discovery request. Plaintiffs expressly disclosed "photos, videos, and media stories" as a category of documents in their possession on which they might rely. (ECF No. 70-5 at 2.) Plaintiffs, however, conspicuously failed to describe any location, let alone that Goodman possessed such documents, in violation of Rule 26(a). *See Renfroe v. Quality Loan Serv. Corp.*, No. 2:17-CV-00194-SMJ, 2017 WL 8777463, at *3 (E.D. Wash. Oct. 26, 2017) (finding failure to disclose location of documents rendered disclosure "insufficient").

Rule 26(e)'s duty to supplement, when coupled with Rule 26(g)'s reasonable investigation duty, required Plaintiffs and Plaintiffs' counsel to move beyond a bare bones categorical description as the litigation progressed. *See Ober v. Cty of Los Angeles*, CV 10-10032-DMG (SHx), 2014 WL 2504504, at *7 (C.D. Cal. Mar. 27, 2014) ("Rule 26(g) . . . requires that counsel make a reasonable investigation and effort to certify that the client has provided all information and documents available to it[.]"); *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004) ("The purpose of [Rule 26(e)] is to prevent the practice of 'sandbagging' an opposing party with new evidence."). Yet, Plaintiffs' November 2018 Amended Initial Disclosures—served a year after the Initial Disclosures—again vaguely disclosed "photos, videos, and media stories" without identifying any location. (ECF No. 70-15 at 2.) More

troublingly, Plaintiffs failed to make any such documents in Goodman's possession available to Defendants before the close of fact discovery on November 30, 2018. Plaintiffs' disclosure in Goodman's December 6, 2018 deposition— after the close of fact discovery—that Goodman possesses some 1,000 unproduced photographs and video underscores that Plaintiffs failed to discharge their Rule 26 disclosure obligations. Accordingly, the Court overrules Plaintiffs' objection.

### 2. Lack of Substantial Justification or Harmlessness

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The burden is on the party facing sanctions to prove either exception applies. *Id*. at 1107. The Discovery Order concludes that Plaintiffs' untimely disclosures were not harmless because Defendants were deprived of the opportunity to pursue discovery, including by subpoenaing documents such as Sanchez's medical records or Cervantes's citizenship application or to depose witnesses. (ECF No. 79 at 12.) The Order also concludes that Plaintiffs failed to offer any substantial justification for their untimely disclosures. (*Id*. at 13.) Although Plaintiffs fail to ground their objections in Rule 37(c)'s substantial justification or harmlessness focus, a comparison of the Discovery Order and Plaintiffs' motion for reconsideration shows that Plaintiffs challenge the Discovery Order's conclusions on these issues. The Court overrules Plaintiffs' challenges.

First, Plaintiffs object that Rule 26 did not require them to disclose documents or witnesses that would contradict their claims, such as Sanchez's medical records or witnesses to Steinberg's enlistment damages. (ECF No. 86 at 5–6.) Plaintiffs' objection confuses the Discovery Order's harm inquiry with Plaintiffs' Rule 26

violations.[5] This confusion underlies Plaintiffs' related argument that whereas Defendants filed a motion to exclude evidence, the Discovery Order "treat[s] Defendants' motion . . . as a motion to compel discovery," which "deprived" Plaintiffs of the opportunity to brief that standard. (ECF No. 80-1 at 5–6, 11, 13; ECF No. 86 at 8.) Plaintiffs' relevant underlying Rule 26 violations, however, are their failures to timely disclose the specifically claimed damages for Sanchez, Cervantes, and Steinberg and disclose certain witnesses and documents. The Order merely describes the discovery that Defendants could have pursued if Plaintiffs had satisfied their disclosure obligations. And the Order seeks to remedy the harms caused by Plaintiffs' untimely disclosures by requiring Plaintiffs to provide further information so as to avoid further case delays.

Second, Plaintiffs take aim at the Discovery Order's harm findings by arguing that Defendants do not need to pursue further discovery regarding Plaintiffs' new damages evidence for Sanchez and Steinberg. According to Plaintiffs, the sole issue for trial is each Plaintiff's emotional distress, which requires only his or her testimony. For example, Plaintiffs contend that Sanchez does not seek to actually prove at trial that she suffered a miscarriage and thus her "medical records are not at issue." (ECF No. 80-1 at 19–20; ECF No. 86 at 6.) In a similar vein, Plaintiffs contend that Steinberg does not intend to prove at trial that he was denied active duty status because of his arrest and, thus, Plaintiffs contend that it is not necessary to

---

[5] The objection is also partially contradicted by Plaintiffs' Amended Initial Disclosures, which disclose Sanchez's medical records as documents Plaintiffs may use. (ECF No. 70-15.) Plaintiffs argue that any such records would be privileged and thus Sanchez had no obligation to disclose them. (ECF No. 80-1 at 20–21.) However, under the Federal Rules' broad approach to discovery, "a simple allegation of emotional distress" can waive a plaintiff's privacy rights. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003) (citing *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127 (E.D.Penn.1997)). Thus, Plaintiffs may not hide behind a claim of medical privilege absent a withdrawal of Sanchez's claim for emotional distress. *See Wilkins v. Maricopa Cty.*, No. CV-09-1380-PHX-LOA, 2010 WL 2231909, at *4 (D. Ariz. June 2, 2010).

depose Steinberg's military recruiter. (ECF No. 80-1 at 22.) These arguments fall short.

Defendants have the right to pursue discovery to defend against Plaintiffs' claims for specific damages. Plaintiffs cannot insulate such claims from the discovery process simply because Plaintiffs believe that the only thing that matters for trial is their subjective beliefs. *See Zakrzewska v. New School*, No. 06 Civ. 5463 (LAK), 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008) ("It would be unfair. . . to permit a plaintiff claiming emotional distress to block discovery of facts that may shed important light on whether any emotional distress actually was suffered, . . ., and whether any emotional distress was attributable, either in whole or in part, to circumstances other than the alleged conduct of the defendant."). The Discovery Order identifies discovery which, if offered at trial, could tend to prove or disprove Plaintiffs' specific claims of emotional distress. *See Morris v. Long*, No. 1:08-cv-01422-AWI-MJS, 2012 WL 1498889, at *3 (E.D. Cal. Apr. 27, 2012) (observing that evidence about plaintiff's prior interactions with police would tend to prove or disprove the plaintiff's claimed emotional distress damages in an excessive force case). Plaintiffs' untimely disclosures plainly harmed Defendants' ability to pursue discovery that Defendants had a right to pursue before the close of fact discovery. *See Museum Assocs. v. Midzor*, No. CV 10-01042-PHX-NVW, 2012 WL 14026, at *2 (D. Ariz. Jan. 4, 2012) (finding that plaintiff failed to timely disclose medical documents to support claim of emotional damages, which harmed defendant's ability to find an expert to challenge the claim). Accordingly, the Court overrules this objection as well.

Finally, Plaintiffs contend that Defendants "chose to wait" "until the eve of the discovery deadline" to take Plaintiffs' depositions. (ECF No. 80 at 5, 8, 15.) To the extent Plaintiffs are arguing that their Rule 26 violations were "substantially

justified," the Court rejects the argument. Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (citation omitted). Plaintiffs fail to explain how hypothetical scenarios about what might have occurred if Plaintiffs' depositions had occurred earlier excuses Plaintiffs' independent Rule 26 violations.

### 3. Propriety of the Order's Rule 37(c)(1) Sanctions

Because Plaintiffs committed Rule 26 violations that are not harmless and for which there is no substantial justification, the remaining issue is not whether Rule 37(c)(1) sanctions are appropriate, but rather *which* sanctions are appropriate. Exclusion of the untimely disclosed information is the "self-executing, automatic sanction[.]" *Hoffman*, 541 F.3d at 1180; *Yeti*, 259 F.3d at 1106. A court may impose any of the specified sanctions in lieu of exclusion or any "other appropriate sanctions." *See* Fed. R. Civ. P. 37(c)(1)(A)–(C); *Jackson v. UA Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). "The range of sanctions provided in Rule 37(c), . . . gives the district court leeway to best match the degree of non-compliance with the purpose of Rule 26's mandatory disclosure requirements." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001).

The Discovery Order expressly does not impose exclusion sanctions, thereby relieving Plaintiffs of the harshest remedy for their Rule 26 violations. Instead, the Order reopens fact discovery into several limited areas and requires Plaintiffs to cover the costs of additional third-party depositions and document production. At this stage, this Court's limited role is not to substitute its own judgment. Rather, Plaintiffs must demonstrate that a sanction is clearly erroneous or premised on an incorrect view of the law. *See Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d

980, 983 (S.D. Cal. 1999).  Plaintiffs have not done so.

Plaintiffs first object to the Discovery Order's sanctions on the ground that there is no basis to reopen fact discovery to permit additional depositions of third-party individuals regarding Plaintiffs' untimely specific damages disclosures. Plaintiffs' objection stems in part from Plaintiffs' misguided view that they get to decide what discovery is appropriate for Defendants to take in order to defend against Plaintiffs' newly claimed damages, a view the Court has already rejected.  A district court otherwise has broad discretion over case management, including discovery deadlines. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10cv541-GPC(WVG), 2014 WL 6851607, at *25 (S.D. Cal. June 16, 2014).  Given the consolidation of *Cervantes* and *Pease*, there is time to cure the harms to Defendants from Plaintiffs' untimely disclosures.  (ECF No. 79 at 14.)  The Discovery Order's limited reopening of fact discovery appropriately recognizes this.

Plaintiffs further object that Rule 37(c) does not permit the cost-shifting sanctions the Discovery Order requires.  Plaintiffs point to Rule 37(c)(1)(A), which authorizes a court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide information or identify witnesses required by Rule 26(a) or (e).  Fed. R. Civ. P. 37(c)(1)(A).  Plaintiffs argue this Rule does not apply because Plaintiffs' disclosure failures caused no additional costs to Defendants. (ECF No. 80-1 at 12; ECF No. 86 at 4.)  The Court overrules this objection.

The Discovery Order does not cite Rule 37(c)(1)(A) as the basis for its cost-shifting sanctions.  Plaintiffs' myopic focus on this provision ignores that Rule 37(c)(1)(C) allows a court to "impose other appropriate sanctions" beyond those expressly identified in Rule 37.  Fed. R. Civ. P. 37(c)(1)(C).  A court has such broad

discretion that it may craft its own discovery sanction as long as the sanction is proportionate to the discovery violation. *See Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 662 (W.D. Wash. 2008).

Even if the Court focuses solely on Rule 37(c)(1)(A), Plaintiffs' idiosyncratic reading of the Rule is unavailing. Courts impose cost-shifting sanctions pursuant to Rule 37(c)(1)(A) for costs not yet incurred, but which will be incurred from a limited reopening of discovery to address untimely disclosed information. *See Karnofsky v. Mass. Mut. Life Ins. Co.*, No. 2:14-cv-949-PMD, 2016 WL 741285, at *5 (D.S.C. Feb. 25, 2016) (permitting defendant "to elect to depose" plaintiff's expert regarding untimely disclosed evidence with "all costs of [the expert's] deposition [to] be borne by Plaintiff." (citing Fed. R. Civ. P. 37(c)(1)(A)); *United States v. Bonadio*, No. 3:13 CV 591 (JBA), 2014 WL 3747303, *3 (D. Conn. July 17, 2014) (reopening discovery "consistent with Rule 37(c)(1)(A) & (C)" to permit depositions of defendant and third-party witnesses on defendant's untimely disclosed information with "[a]ll expenses of these depositions [to] be borne by defendant"). The Discovery Order's sanctions clearly withstand Plaintiffs' objection by imposing an appropriate financial cost for Plaintiffs' untimely disclosures, which have necessitated a limited reopening of fact discovery for Defendants while also preserving Plaintiffs' ability to rely on untimely disclosed information and witnesses, if Plaintiffs so choose.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration. (ECF No. 80.) Plaintiffs **SHALL FULLY COMPLY** with the Discovery Order. (ECF No. 79.)

**IT IS SO ORDERED.**

**DATED:  April 11, 2019**

Hon. Cynthia Bashant
United States District Judge