UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO RAMIREZ, et al.,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO POLICE CHIEF SHELLY ZIMMERMAN, et al.,<br><br>Defendants. | Lead Case No.: 3:17-cv-1230-BAS-NLS<br>Consolidated with: 18-cv1062-BAS-NLS<br><br>**ORDER ON DISCOVERY DISPUTE NO. 1**<br><br>**[ECF No. 91]** |

Before the court is the Joint Motion for Determination of Discovery Dispute No. 1 between plaintiff in the consolidated action, Bryan Pease ("Plaintiff"), and defendants San Diego County and Sheriff William Gore (collectively "County"). ECF No. 91. Plaintiff moves to compel further responses from the County. *Id.* As explained below, the court will **DENY** the motion to compel.

**I.     BACKGROUND**

This case arises from arrests made near the San Diego Convention Center following a rally for and protest against then presidential candidate Trump. Plaintiff alleges a *Monell* claim and that his arrest was unlawful, violating his First and Fourth Amendment rights. *See* ECF No. 89. Plaintiff's case was consolidated with the case he brought as counsel for four other attendees at the rally (now *Ramirez;* formerly

1

*Cervantes*), alleging the same claims.[1] *See* ECF Nos. 68, 89. Following the consolidation, the parties submitted a joint discovery plan, the Court held a case management conference, and issued a Consolidated Scheduling Order. ECF Nos. 72 -74. Relevant to the instant discovery dispute, the Consolidated Scheduling Order affirmed that discovery in the *Ramirez* case remained closed; and that "[f]act discovery limited to Plaintiff Pease's claims shall be completed by all parties by April 19, 2019." ECF No. 74.

The parties proceeded to conduct the remaining discovery for the *Pease* claims. Plaintiff propounded interrogatories, requests for production, and requests for admission to the County, and sought to depose Sheriff Gore. The County responded, and for the disputed requests provided objections only, arguing primarily that Plaintiff's requests are untimely and duplicative of discovery for the lead case, *Ramirez*, for which discovery is closed. The County also objected to the deposition of Sheriff Gore as an *apex* deposition.

Plaintiff moves to compel further responses arguing that the requests are not duplicative and constitute proper discovery. The County opposes, reasserting the objection that discovery is both untimely and duplicative.

While understanding the County's argument that the discovery is untimely, in reviewing the dispute the court found that both parties also presented arguments regarding whether the discovery was duplicative. Unfortunately, neither party put any of the discovery from the lead case before the Court for comparison. Accordingly, the Court ordered supplemental briefing on this specific topic, which the parties submitted. ECF Nos. 92, 95, 99.

These are the contours of the dispute now before the Court: a motion to compel further responses to written discovery and the deposition of Sheriff Gore.

---

[1] Plaintiff Pease and the *Ramirez* plaintiffs both bring *Monell* and §1983 claims based on violation of the First and Fourth Amendments. The remaining claims of the consolidated complaint are alleged by the *Ramirez* plaintiffs only.

## II. LEGAL STANDARDS

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* This requires active involvement of federal judges to make decisions regarding the scope of discovery. *Id.*

To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.* How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

## III. DISCUSSION

As to the written discovery, the parties' arguments and objections break down into two categories, each of which are identical and repeated for numerous requests:[2] (1) the scope of permissible discovery for the consolidated action in light of the previously pursued and now closed discovery in the lead case; and (2) scope of permissible discovery specific to Plaintiff's arrest. The third issue raised in the discovery dispute is the deposition of Sheriff Gore.

### a. Plaintiff had Ample Opportunity to Obtain Information

Federal Rule of Civil Procedure 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C)(ii).

Here, the Court finds that Plaintiff had ample opportunity to obtain much of the information he seeks in his discovery requests. Plaintiff acts as counsel for the plaintiffs in the *Ramirez* matter, and has since the inception of the case. ECF No. 1 at 1, 9. Plaintiff's current claims have been, and continue to be, identical to the *Ramirez* plaintiffs' claims. *Compare* ECF No. 38 *with* ECF No. 1 (18-cv-1062).[3] To the extent

---

[2] The parties' joint statement identifies the following items as disputed: Interrogatory Nos. 1-10, 12-20, 25; Requests for Admission Nos. 1-19, 25; and Requests for Production Nos. 1-2, 4-10, 12-21. ECF No. 91-2.

[3] The factual underpinnings and many allegations are either identical or substantially similar. *Compare* ECF No. 38 at ¶ 59 *with* ECF No. 1 (18-cv-1062) ("Pease Complaint") at ¶ 13. *Compare* ECF No. 38 at ¶ 60 *with* Pease Complaint at ¶ 14. *Compare* ECF No. 38 at ¶ 61 *with* Pease Complaint at ¶ 15. *Compare* ECF No. 38 at ¶ 63 *with* Pease Complaint at ¶ 16. *Compare* ECF No. 38 at ¶ 64 *with* Pease Complaint at ¶ 17. *Compare* ECF No. 38 at ¶ 65 *with* Pease Complaint at ¶ 18. *Compare* ECF No. 38 at ¶ 68 *with* Pease Complaint at ¶ 20. *Compare* ECF No. 38 at ¶ 69 *with* Pease Complaint at ¶ 21. *Compare* ECF No. 38 at ¶ 70 *with* Pease Complaint at ¶ 22. *Compare* ECF No. 38 at ¶ 71 *with* Pease Complaint at ¶¶ 23-24. *Compare* ECF No. 38 at ¶ 72 *with* Pease Complaint at ¶ 24. *Compare* ECF No. 38 at ¶ 73 *with* Pease Complaint at ¶ 75. *Compare* ECF No. 38 at ¶ 105 *with* Pease Complaint at ¶ 29.

there are distinctions between the claims alleged by Plaintiff and those of the *Ramirez* plaintiffs in the consolidated complaint, the causes of action alleged by the *Ramirez* plaintiffs exceed those alleged by Plaintiff. Plaintiff's only two claims are entirely subsumed by and identical to the claims currently—and previously—alleged by the *Ramirez* plaintiffs.

Discovery proceeded in the *Ramirez* case for over a year. As counsel, Plaintiff was an active participant in the discovery process. Plaintiff also assured the Court that "[t]he parties do not intend to duplicate any discovery and can combine the discovery in the two cases." ECF No. 61 (Response to OSC) at 4. Plaintiff contended that "discovery produced in one lawsuit can be used in subsequent litigation . . . . Surely, the parties can stipulate that discovery responded to in the [lead] case is admissible in *Pease v. Gore* to the extent that it is relevant and non-objectionable." ECF No. 61 at 9. Plaintiff further explained that "extensive discovery has already occurred in the [lead] case, and Pease's attorney is intending to rely on the previous discovery[.]" ECF No. 61 at 10.

A year of fact discovery for a case with identical allegations, for which Plaintiff controlled the discovery, constitutes an "ample opportunity" to obtain information. In addition to the amount of time permitted, Plaintiff himself refers to the discovery conducted as "extensive" and stated his intention to use the discovery from *Ramirez* for identical allegations of his own case. Thus, the Court finds Plaintiff had ample opportunity within the meaning of Rule 26(b)(2)(C)(ii).

Where a party has had ample opportunity to obtain information, to continue the pursuit of discovery the party generally must demonstrate to the court why the additional discovery is necessary and/or why it was not previously obtainable. For example, in seeking additional depositions beyond the presumptive limit the party seeking additional depositions must make a "particularized showing of the need." *See Olivo v. Fresh*

---

*Compare* ECF No. 38 at ¶¶ 10, 124 *with* Pease Complaint at ¶ 31. *Compare* ECF No. 38 at ¶ 138 *with* Pease Complaint at ¶ 32.

*Harvest Inc.*, No. 17-CV-2153-L-WVG, 2018 WL 4927995, at *4 (S.D. Cal. Oct. 10, 2018) (denying additional depositions in the absence of a particularized showing of need in light of ample opportunity to obtain the information). Similarly, courts often consider whether the information could have been obtained from another source. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 n.6 (C.D. Cal. 2014) (quashing Rule 45 subpoena because party had ample opportunity to pursue discovery and could not show "that it could not have obtained the requested information from party witnesses"); *Trunk v. City of San Diego*, 06 CV 1597 BTM (WMC), 2007 WL 1110715, at *7 (S.D. Cal. Apr. 2, 2007) (denying deposition because "…Plaintiff has not demonstrated that the Mayor's anticipated testimony is unavailable through other sources or less burdensome avenues…."); *see also Eclipse Grp. LLP v. Target Corp.*, No. 15cv1411-JLS (BLM), 2017 WL 2231316, at *2 (S.D. Cal. May 19, 2017) (noting "[d]istrict courts also have broad discretion to limit discovery to prevent its abuse").

Plaintiff does not offer any reasons that the discovery he seeks is necessary only now or that it was unobtainable during the prior fact discovery. To the contrary, all indications are the requested information could have been obtained by other means, specifically, by timely sending the written requests during the year in which fact discovery was open for the same claims. Plaintiff does not make "a particularized showing that there is a need for" the information he seeks, most of which appears to target the declaration of unlawful assembly—a claim that was made in every iteration of the *Ramirez* case.[4] The court also notes that most of the interrogatories and requests for admissions do not seek information regarding the "underlying basis for *Plaintiff's* arrest" category as Plaintiff attests. They are broader questions that seek to deduce information for all plaintiffs in the consolidated case, which is beyond the bounds of presently

---

[4] *See* ECF No. 1 at ¶ 18; ECF No. 25 at ¶¶ 5, 66; ECF No. 38 at ¶¶ 2, 8, 61; ECF No. 89 at ¶¶ 2, 10, 32; and 18cv1062 ECF No. 1 at ¶ 15.

available discovery.[5]  *Compare* ECF No. 74 at 1-2 (closing fact discovery for the *Ramirez* case and permitting only discovery "limited to Plaintiff Pease's claims") *with* ECF No. 91-1 (Joint Statement).

Plaintiff contends that Defendants refused to answer certain interrogatories and requests for admissions that are "related to the underlying basis for Plaintiff's arrest." ECF No. 91-1 at 3.  Plaintiff argues that because the questions include the basis for his individual arrest, they should be answered.  However, to the extent the underlying basis of Plaintiff's arrest is identical to the circumstances of the *Ramirez'* plaintiffs arrests,[6] Plaintiff must provide some explanation as to why this discovery was previously unavailable, or that the discovery is particularly necessary now, or that the circumstances for his own arrest are distinct from the *Ramirez* plaintiffs to pursue this discovery. Plaintiff offers no such explanation or argument.  The reason the assembly was deemed unlawful is no more germane to discovery for Plaintiff than the *Ramirez* plaintiffs, and so information regarding the designation should have been requested in the now-closed

---

[5]  For example, as a broad cross-section, Plaintiff Pease propounded questions such as: (1) "IDENTIFY with specificity each incident during the RALLY that YOU believe demonstrates that the assembly was unlawful within the meaning of Penal Code section 407," (2) "Admit that YOU do not have any video taken by law enforcement that demonstrates wide-spread violence at the RALLY," and (3) "Admit that YOUR plan was to allow Trump supporters to disperse to the North of the Convention Center." ECF No. 91-2 at 2, 19, 26.  These requests are not limited to the circumstances of Plaintiff's arrest, and instead target information applicable to all *Ramirez* plaintiffs.

[6] However, the factual underpinnings of Plaintiff Pease's own arrest mirrors the factual underpinnings of the other plaintiffs' arrests.  *Compare* ECF No. 1[Original complaint in lead case, filed June 16, 2017] at ¶ 18 ("At some point, SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN decided to declare the entire assembly unlawful pursuant to California Penal Code section 409, rather than simply to arrest the individuals who were violating the law") *and* ECF No. 38 [Third Amended Complaint, filed May 7, 2018; operative complaint at time of consolidation] at ¶ 61 ("At some point, Defendants decided to declare the entire assembly unlawful pursuant to California Penal Code section 409, rather than simply to arrest any few individuals who were violating a law") *with* ECF No. 1 (18-cv-1062) [Plaintiff Pease's complaint, filed May 29, 2018 in 18-cv-1062-BAS-NLS prior to consolidation with the lead case] at ¶ 15 ("At some point, Defendants decided to declare the entire assembly unlawful pursuant to California Penal Code section 409, rather than simply to arrest any few individuals who were violating a law") *and* ECF No. 91-2 [Plaintiff Pease's propounded interrogatories, served Jan. 11, 2019] at 2 ("IDENTIFY with specificity each incident during the RALLY that YOU believe demonstrates that the assembly was unlawful within the meaning of Penal Code section 407").

discovery of the lead case. *Cf. Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 767249, at *7 (S.D. Cal. Feb. 25, 2011) (refusing to extend discovery deadline where "the discovery Plaintiff now seeks was foreseeable earlier in the litigation and should have been requested by now").

In sum, Plaintiff had "ample opportunity" to gather information in discovery, and fails to show any special circumstances that render additional discovery necessary or that the information sought was previously unavailable. Accordingly, and consistent with Rule 26, the Court may properly limit discovery. On this basis, the Plaintiff's motion to compel further responses is **DENIED** as to the following requests:

Interrogatories: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 25.
Requests for Admission: 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25.
Requests for Production: 1, 2, 4, 5, 6, 7, 10, 12, 13, 14, 15, 16, 20,[7] 21.

### b. Remaining Discovery Requests

The remaining discovery requests in dispute are as follows: Interrogatories 13-20, Requests for Admission 4-5, and Requests for Production 8-9, and 17-19.

#### i. Interrogatories[8]

Interrogatories 13 and 14 ask Defendants to "IDENTIFY each and every DOCUMENT YOU intend to submit as evidence at trial" and then to identify the person who will authenticate each document. ECF No. 91-2 at 8-9. Plaintiff's motion to compel is **DENIED**. The motion to compel further responses to these interrogatories boils down to a premature request for an exhibit list and witness list. Plaintiff is not entitled to these documents at this stage of the litigation. *See* CivLR 16.1(f); ECF No. 74. Further, Plaintiff's argument that further response is necessary to identify documents intended to be used as "pure impeachment" evidence contravenes the plain language of Rule 26.

---

[7] The Court adopts the numbering of the RFPs as they appear in the Joint Statement.
[8] Interrogatories 15-17 are related to, and addressed with, Requests for Admission Nos. 4 and 5, as is Request for Production No. 17.

8

Fed. R. Civ. P. 26(a)(1)(A), (3)(A) ("In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment[.]").

Interrogatories 18, 19, and 20 ask Defendants to identify all facts, persons with knowledge, and documents supporting any affirmative defense. ECF No. 91-2 at 15-16. Defendants response, in sum, stated that the facts were contained in the defenses; the persons with knowledge were the parties and witnesses identified, and the documents are those that have been exchanged in the course of litigation. *Id.* Defendants also indicate that discovery is ongoing. *Id.* Plaintiff argues the responses are inadequate because they fail to unequivocally confirm that "*all*" facts, witnesses, and documents were identified. *Id.* Defendants counter that the answers provided are responsive and complete. *Id.*

Plaintiff's motion to compel further responses is **DENIED**. Plaintiff fails to offer any reason to believe that the responses are inadequate or that additional information exists that could be compelled. That Defendants' responses identified the possibility of additional information being revealed in discovery does not render the responses provided incomplete. To the extent discovery may have revealed additional facts, witnesses, or documents, all parties are subject to the duty to disclose and supplement responses. Fed. R. Civ. P. 26(e). Absent some indication or argument that additional information may exist that renders the response incomplete, there does not appear to be anything for the Court to compel.

### ii. Requests for Admissions

Requests for Admission 4 and 5 ask Defendants to "Admit that at the time that BRYAN PEASE was arrested, there was [4] no evidence of widespread violence [and 5] no evidence of the imminent threat of widespread violence within two city blocks of BRYAN PEASE." ECF No. 91-2 at 20-21. Defendants response objects on various grounds, including lack of foundation "because the County of San Diego was the not the entity that either declared the unlawful assembly … or that arrested Plaintiff." *Id.* at 20.

9

3:17-cv-1230-BAS-NLS

Plaintiff moves to compel further responses arguing that Captain Cinnamo's presence monitoring video footage imputes knowledge of violence. ECF No. 91-2 at 20. Defendants respond reiterating that the County was not the arresting entity and lack knowledge of the location or what might be within two blocks of that location. *Id.*

The Court does not find these requests seek relevant information to the claims and defenses and are therefore beyond the bounds of Rule 26. Plaintiff was arrested for failure to disperse after an unlawful assembly had been declared. *See* ECF No. 100 at 6. The Fourth Amended Complaint makes clear that Plaintiff was arrested *after* the declaration of unlawful assembly. ECF No. 89 at ¶¶ 2, 11, 12. Acts of violence or the imminent threat thereof in the time leading up to the declaration of unlawful assembly may be relevant to the declaration of unlawful assembly. But this request seeks evidence of violence occurring after the declaration at the time of Plaintiff's arrest. Whether or not there were still acts of violence occurring after the declaration of unlawful assembly, or within two blocks of Plaintiff's arrest, is not relevant to the claims alleged. Plaintiff's motion to compel further responses is **DENIED**.

Similarly, the related discovery requests, Interrogatories 15, 16, and 17 (asking Defendants to identify all facts, persons, and documents, respectively, for each response to an RFA that was not an unqualified admission) and Request for Production No. 17 (requesting production of all documents which support the denial of a request for admission) are therefore also **DENIED**.

### iii. Requests for Production

Requests for Production Nos. 8 and 9 ask for camera footage which Defendants believe show widespread violence or an imminent threat of widespread violence "at the location where BRYAN PEASE was arrested." ECF No. 91-2 at 34. Plaintiff's motion to compel as to this interrogatory is denied as duplicative and an attempted end-run around discovery. Plaintiff's requests for all footage of widespread violence or the imminent threat for all parts of the rally (RFPs 6 and 7) were denied above because there was ample opportunity to obtain that discovery during the previously open discovery

10

3:17-cv-1230-BAS-NLS

period. *See* § III.(a). Had Plaintiff previously timely issued a request such that this request sought to supplement any additional footage that may be specific to Plaintiff, that request may have been permissible. But that is not the case. The scope of this interrogatory is subsumed by Request Nos. 6 and 7, which were denied. *Id.* It would be an unfair end-run around the currently open parameters of discovery to permit a response to this request under the present circumstances. *See, e.g., Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2–3 (S.D. Cal. Feb. 24, 2016) (finding subsequent RFP to be "substantially similar" to earlier RFP and rejecting as untimely joint discovery motion based on response deadline for subsequent RFP); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 12-CV-0260-H WVG, 2013 WL 3467413, at *5–7 (S.D. Cal. July 10, 2013) (declining to allow end run around discovery deadline via Rule 30(b)(6) deposition on twenty-four topics duplicative of interrogatory responses, to which the court already denied motion for supplemental responses).

<u>Request for Production No. 18</u> asks for production of any document identified in response to interrogatories. As this order denies Plaintiff's motion to compel further responses to interrogatories, the motion to compel as to this request is **DENIED AS MOOT**.

<u>Request for Production No. 19</u> asks for production of every document intended to be introduced at trial. The motion to compel as to this request is **DENIED**. The parties will exchange trial exhibits consistent with the Federal Rules of Civil Procedure and the Local Rules at the meeting of counsel. CivLR 16.1(f)(4)(b).

### c. Deposition of Sheriff Gore

Plaintiff also seeks to depose Sheriff Gore. ECF No. 91-1 at 5-6. "Courts have often observed that discovery seeking the deposition of high-level executives (so-called 'apex' depositions) creates 'a tremendous potential for abuse or harassment' that may require the court's intervention for the witness's protection under Rule 26(c)." *K.C.R. v. Cty. of Los Angeles*, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (quoting *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)). In order to

11

3:17-cv-1230-BAS-NLS

period. *See* § III.(a). Had Plaintiff previously timely issued a request such that this request sought to supplement any additional footage that may be specific to Plaintiff, that request may have been permissible. But that is not the case. The scope of this interrogatory is subsumed by Request Nos. 6 and 7, which were denied. *Id.* It would be an unfair end-run around the currently open parameters of discovery to permit a response to this request under the present circumstances. *See, e.g., Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2–3 (S.D. Cal. Feb. 24, 2016) (finding subsequent RFP to be "substantially similar" to earlier RFP and rejecting as untimely joint discovery motion based on response deadline for subsequent RFP); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 12-CV-0260-H WVG, 2013 WL 3467413, at *5–7 (S.D. Cal. July 10, 2013) (declining to allow end run around discovery deadline via Rule 30(b)(6) deposition on twenty-four topics duplicative of interrogatory responses, to which the court already denied motion for supplemental responses).

<u>Request for Production No. 18</u> asks for production of any document identified in response to interrogatories. As this order denies Plaintiff's motion to compel further responses to interrogatories, the motion to compel as to this request is **DENIED AS MOOT**.

<u>Request for Production No. 19</u> asks for production of every document intended to be introduced at trial. The motion to compel as to this request is **DENIED**. The parties will exchange trial exhibits consistent with the Federal Rules of Civil Procedure and the Local Rules at the meeting of counsel. CivLR 16.1(f)(4)(b).

### c. Deposition of Sheriff Gore

Plaintiff also seeks to depose Sheriff Gore. ECF No. 91-1 at 5-6. "Courts have often observed that discovery seeking the deposition of high-level executives (so-called 'apex' depositions) creates 'a tremendous potential for abuse or harassment' that may require the court's intervention for the witness's protection under Rule 26(c)." *K.C.R. v. Cty. of Los Angeles*, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (quoting *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)). In order to

avoid an apex deposition, the individual must first show that he or she is sufficiently high-ranking to merit protection. If the witness is able to do so, the party seeking to depose the official must "show (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources." *Thomas v. Cate*, 2010 WL 1343789, at *1 (E.D. Cal. Apr. 5, 2010).

The apex doctrine does not protect high-ranking officials from all depositions. *K.C.R.*, 2014 WL 3434257, at *3. "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (citing *Apple Inc.*, 282 F.R.D. at 263). If, however, the official is "removed from the daily subjects of the litigation, [and] has no unique personal knowledge of the facts at issue, a deposition of the official is improper." *Id.* at *4 (quoting *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)). Courts also generally do not permit depositions of high-ranking officials to occur before the depositions of lower ranking employees with more direct knowledge of the case have been taken. *Id.*

It is well established in this circuit and in this district that County Sheriffs, including Sheriff Gore specifically, are considered high-level officials to whom the apex doctrine applies. *Myles v. County of San Diego*, 15CV1985-BEN (BLM), 2016 WL 4366543, at *3–4 (S.D. Cal. Aug. 15, 2016) (finding Sheriff Gore a high-level official subject to the apex doctrine and collecting cases). Accordingly, the burden shifts to Plaintiff to show need for Sheriff Gore's deposition. Plaintiff does not meet this burden.

Sheriff Gore has been a named party in this action since the inception of the *Ramirez* case. ECF No. 1. Plaintiff offers no reason to believe that Sheriff Gore will

have any information specific to Plaintiff's arrest that is not relevant to the arrests of the other *Ramirez* plaintiffs. Accordingly, Plaintiff's attempt to depose Sheriff Gore at this juncture is both untimely and an aspect of discovery which he had ample opportunity to conduct during the prior discovery period. Fed. R. Civ. P. 26; *see also*, § III.(a).

Moreover, because Plaintiff acknowledges that Sheriff Gore was out of the country during the events that are the subject of this litigation, Plaintiff's only argument in support of his request to take the deposition is that Sheriff Gore was involved in "lengthy planning that went into the event and the Sheriff Department's involvement in coordinating the regional joint law enforcement response." ECF No. 91-1. Plaintiff does not present any argument that planning information is not obtainable from other sources, that Sheriff Gore's information is unique, or that other forms of discovery related to the planning and preparation have been exhausted. Plaintiff has not met the burden to show an apex deposition is appropriate and the motion to compel is **DENIED**; and a protective order is entered preventing the deposition of Sheriff Gore in this matter.

## IV. CONCLUSION

Plaintiff's motion to compel is **DENIED** for the reasons stated in this order. A protective order is hereby entered preventing the deposition of Sheriff Gore in this matter.

**IT IS SO ORDERED**.

Dated: May 14, 2019

Hon. Nita L. Stormes
United States Magistrate Judge