# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO RAMIREZ, et al., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO POLICE CHIEF SHELLY ZIMMERMAN, et al., <br><br> Defendants. | Lead Case No.: 3:17-cv-1230-BAS-NLS <br> Consolidated with: 18-cv1062-BAS-NLS <br><br> **ORDER ON DISCOVERY DISPUTE NO. 2** <br><br> **[ECF No. 100]** |

Before the court is the Joint Motion for Determination of Discovery Dispute No. 2 between plaintiff in the consolidated action, Bryan Pease ("Plaintiff"), and defendants City of San Diego and San Diego Police Chief Shelly Zimmerman, Christopher Bernard, Brett Crawford, Curtis Doll, Christopher Lingenhol, Arturo Morales, Jr., Nathan Parga, Ricky M. Radasa, Michael Rojas, Jonathan Wells, Franklin White, Kyle Williams, and Jeff Willkomm (collectively "City" or "Defendants"). ECF No. 100. Plaintiff Pease moves to compel documents responsive to 49 requests. ECF No. 100-2. As explained below, the court will **GRANT IN PART AND DENY IN PART** the motion to compel.

I.  **BACKGROUND**

This case arises from arrests made near the San Diego Convention Center following a rally for and protest against then presidential candidate Trump. Plaintiff

alleges a *Monell* claim and that his arrest was unlawful, violating his First and Fourth Amendment rights. *See* ECF No. 89. Plaintiff's case was consolidated with the case he brought as counsel for four other attendees at the rally (now *Ramirez;* formerly *Cervantes*), alleging the same claims.[1] *See* ECF Nos. 68, 89. Following the consolidation, the parties submitted a joint discovery plan, the Court held a case management conference, and issued a Consolidated Scheduling Order. ECF Nos. 72 -74. The Consolidated Scheduling Order affirmed that discovery in the *Ramirez* remained closed; and that "[f]act discovery limited to Plaintiff Pease's claims shall be completed by all parties by April 19, 2019." ECF No. 74.

Plaintiff propounded interrogatories, requests for admissions, and requests for production to the City Defendants. *See* ECF No. 87. The City served unverified responses on February 11, 2019. *Id.* The parties began the meet and confer process, but due to a previously scheduled trial, requested and were granted an extension of time to file this discovery dispute. ECF No. 88.

The dispute now before the Court presents 49 individual requests and two over-arching arguments regarding (1) Plaintiff Pease's propounded discovery regarding acts or threats of violence leading up to the declaration of unlawful assembly in body worn camera ("body cam") footage, and (2) the City's redacted after-action report. *See* ECF Nos. 100, 100-1. Plaintiff also seeks attorney fees incurred in compelling City Defendants' responses. ECF No. 100-1 at 4.

## II. LEGAL STANDARDS

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

---

[1] Plaintiff Pease and the *Ramirez* plaintiffs both bring *Monell* and §1983 claims based on violation of the First and Fourth Amendments. The remaining claims of the consolidated complaint are alleged by the *Ramirez* plaintiffs only.

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id*. Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* This requires active involvement of federal judges to make decisions regarding the scope of discovery. *Id.*

To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id*. How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

///

///

///

///

## III. DISCUSSION

The discovery propounded by Plaintiff to the City appears to mirror the discovery propounded to the County and previously addressed in Discovery Dispute No. 1.[2] The Court sees no reason that the rulings on identical discovery requests should differ when propounded to the City as opposed to the County. Accordingly, analysis is incorporated and quoted from the Court's prior order. *See* ECF No. 103 at 4-6. To the extent the parties raise disputes over specific requests that did not arise in Discovery Dispute No. 1, but to which the same analysis applies, the requests are decided together as identified. Additional arguments specifically raised by these parties regarding body cam footage and the unredacted after action report are addressed subsequently, and finally, the few remaining individual requests are adjudicated.

### A. Requests Identical to those Propounded to the County

#### 1. Plaintiff had Ample Opportunity to Obtain Information

Federal Rule of Civil Procedure 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" Fed. R. Civ. P. 26(b)(2)(C)(ii).

Here, the Court finds that Plaintiff had ample opportunity to obtain much of the information he seeks in his discovery requests. Plaintiff acts as counsel for the plaintiffs in the *Ramirez* matter, and has since the inception of the case. ECF No. 1 at 1, 9. Plaintiff's current claims have been, and continue to be, identical to the *Ramirez* plaintiffs' claims. *Compare* ECF No. 38 *with* ECF No. 1 (18-cv-1062).[3] To the extent there are distinctions

---

[2] The following discovery requests were identically propounded to both the City and County and raised in the discovery disputes before the Court: Interrogatories: 1- 10,13-17; Requests for Admission: 1-10, 14-19, 25; and Requests for Production: 2, 4-10, 20.

[3] The factual underpinnings and many allegations are either identical or substantially similar. *Compare* ECF No. 38 at ¶ 59 *with* ECF No. 1 (18-cv-1062) ("Pease Complaint") at ¶ 13. *Compare* ECF No. 38 at ¶ 60 *with* Pease Complaint at ¶ 14. *Compare* ECF No. 38 at ¶ 61 *with* Pease Complaint at ¶ 15. *Compare* ECF No. 38 at ¶ 63 *with* Pease Complaint at ¶ 16. *Compare* ECF No. 38 at ¶ 64 *with* Pease Complaint at ¶ 17. *Compare* ECF No. 38 at ¶ 65 *with* Pease Complaint at ¶ 18. *Compare* ECF No. 38 at

between the claims alleged by Plaintiff and those of the *Ramirez* plaintiffs in the consolidated complaint, the causes of action alleged by the *Ramirez* plaintiffs exceed those alleged by Plaintiff. Plaintiff's only two claims are entirely subsumed by and identical to the claims currently—and previously—alleged by the *Ramirez* plaintiffs.

Discovery proceeded in the *Ramirez* case for over a year. As counsel, Plaintiff was an active participant in the discovery process. Plaintiff also assured the Court that "[t]he parties do not intend to duplicate any discovery and can combine the discovery in the two cases." ECF No. 61 (Response to OSC) at 4. Plaintiff contended that "discovery produced in one lawsuit can be used in subsequent litigation . . . . Surely, the parties can stipulate that discovery responded to in the [lead] case is admissible in *Pease v. Gore* to the extent that it is relevant and non-objectionable." ECF No. 61 at 9. Plaintiff further explained that "extensive discovery has already occurred in the [lead] case, and Pease's attorney is intending to rely on the previous discovery[.]" ECF No. 61 at 10.

A year of fact discovery for a case with identical allegations, for which Plaintiff controlled the discovery, constitutes an "ample opportunity" to obtain information. In addition to the amount of time permitted, Plaintiff himself refers to the discovery conducted as "extensive" and stated his intention to use the discovery from *Ramirez* for identical allegations of his own case. Thus, the Court finds Plaintiff had ample opportunity within the meaning of Rule 26(b)(2)(C)(ii).

Where a party has had ample opportunity to obtain information, to continue the pursuit of discovery the party generally must demonstrate to the court why the additional discovery is necessary and/or why it was not previously obtainable. For example, in seeking additional depositions beyond the presumptive limit the party seeking additional depositions must make a "particularized showing of the need." *See Olivo v. Fresh Harvest Inc.*, No. 17-CV-2153-L-WVG, 2018 WL 4927995, at *4 (S.D. Cal. Oct. 10, 2018) (denying additional depositions in the absence of a particularized showing of need in light of ample opportunity to obtain the information). Similarly, courts often consider whether the information could have been obtained from another source. *See Amini Innovation Corp. v. McFerran*

---

¶ 68 *with* Pease Complaint at ¶ 20. *Compare* ECF No. 38 at ¶ 69 *with* Pease Complaint at ¶ 21. *Compare* ECF No. 38 at ¶ 70 *with* Pease Complaint at ¶ 22. *Compare* ECF No. 38 at ¶ 71 *with* Pease Complaint at ¶¶ 23-24. *Compare* ECF No. 38 at ¶ 72 *with* Pease Complaint at ¶ 24. *Compare* ECF No. 38 at ¶ 73 *with* Pease Complaint at ¶ 75. *Compare* ECF No. 38 at ¶ 105 *with* Pease Complaint at ¶ 29. *Compare* ECF No. 38 at ¶¶ 10, 124 *with* Pease Complaint at ¶ 31. *Compare* ECF No. 38 at ¶ 138 *with* Pease Complaint at ¶ 32.

*Home Furnishings, Inc.*, 300 F.R.D. 406, 412 n.6 (C.D. Cal. 2014) (quashing Rule 45 subpoena because party had ample opportunity to pursue discovery and could not show "that it could not have obtained the requested information from party witnesses"); *Trunk v. City of San Diego*, 06 CV 1597 BTM (WMC), 2007 WL 1110715, at *7 (S.D. Cal. Apr. 2, 2007) (denying deposition because "…Plaintiff has not demonstrated that the Mayor's anticipated testimony is unavailable through other sources or less burdensome avenues…."); *see also Eclipse Grp. LLP v. Target Corp.*, No. 15cv1411-JLS (BLM), 2017 WL 2231316, at *2 (S.D. Cal. May 19, 2017) (noting "[d]istrict courts also have broad discretion to limit discovery to prevent its abuse").

>    Plaintiff does not offer any reasons that the discovery he seeks is necessary only now or that it was unobtainable during the prior fact discovery. To the contrary, all indications are the requested information could have been obtained by other means, specifically, by timely sending the written requests during the year in which fact discovery was open for the same claims. Plaintiff does not make "a particularized showing that there is a need for" the information he seeks, most of which appears to target the declaration of unlawful assembly—a claim that was made in every iteration of the *Ramirez* case.[4] The court also notes that most of the interrogatories and requests for admissions do not seek information regarding the "underlying basis for *Plaintiff's* arrest" category as Plaintiff attests.

ECF No. 103 at 4-6.

As with the discovery propounded to the County, Plaintiff issues broad requests to the City that attempt to deduce information for all plaintiffs in the consolidated case, which is beyond the bounds of presently available discovery.[5] *Compare* ECF No. 74 at 1-2 (closing fact discovery for the *Ramirez* case and permitting only discovery "limited to Plaintiff Pease's claims") *with* ECF No. 91-1 (Joint Statement)." Plaintiff provides no

---

[4] *See* ECF No. 1 at ¶ 18; ECF No. 25 at ¶¶ 5, 66; ECF No. 38 at ¶¶ 2, 8, 61; ECF No. 89 at ¶¶ 2, 10, 32; and 18cv1062 ECF No. 1 at ¶ 15.

[5] For example, as a broad cross-section, Plaintiff Pease propounded questions such as: (1) "IDENTIFY with specificity each incident during the RALLY that YOU believe demonstrates that the assembly was unlawful within the meaning of Penal Code section 407," (2) "Admit that YOU do not have any video taken by law enforcement that demonstrates wide-spread violence at the RALLY," and (3) "Admit that YOUR plan was to allow Trump supporters to disperse to the North of the Convention Center." ECF No. 100-2 at 2, 14, 22. These requests are not limited to the circumstances of Plaintiff's arrest, and instead target information applicable to all *Ramirez* plaintiffs.

explanation as to why this discovery was previously unavailable, or that the discovery is particularly necessary now, or that the circumstances for his own arrest are distinct from the *Ramirez* plaintiffs to pursue this discovery. To the contrary, most of the discovery seeks information about widespread violence or the threat thereof. ECF No. 100-2. Responses to these requests are no more germane to discovery for Plaintiff than the *Ramirez* plaintiffs, and so information regarding the designation should have been requested in the now-closed discovery of the lead case. *Cf. Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 767249, at *7 (S.D. Cal. Feb. 25, 2011) (refusing to extend discovery deadline where "the discovery Plaintiff now seeks was foreseeable earlier in the litigation and should have been requested by now").

As before, Plaintiff had "ample opportunity" to gather information in discovery and fails to show any special circumstances that render additional discovery necessary or show the information was previously unavailable or specific to Plaintiff's arrest apart from the *Ramirez* plaintiffs. Pursuant to Rule 26, the Court may properly limit discovery. On this basis, the Plaintiff's motion to compel further responses is **DENIED** as to the following requests:

Interrogatories: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10.
Requests for Admission: 1, 2, 3, 6, 7, 8, 9, 10, 14, 15, 16, 17, 18, 19, 25.
Requests for Production: 1, 2, 3, 4, 5, 6, 7, 10, 20.

### 2. Other Identical Requests

Interrogatories 13 and 14 ask Defendants to "IDENTIFY each and every DOCUMENT YOU intend to submit as evidence at trial" and then to identify the person who will authenticate each document. ECF No. 100-2 at 34-36. These requests are identical to the ones propounded to the County and previously addressed. As before, Plaintiff's motion to compel is **DENIED**.

The motion to compel further responses to these interrogatories boils down to a premature request for an exhibit list and witness list. Plaintiff is not entitled to these documents at this stage of the litigation. *See* CivLR 16.1(f); ECF No. 74. Further,

7

Plaintiff's argument that further response is necessary to identify documents intended to be used as "pure impeachment" evidence contravenes the plain language of Rule 26. Fed. R. Civ. P. 26(a)(1)(A), (3)(A) ("In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment[.]").

Requests for Admission 4 and 5 ask Defendants to "Admit that at the time that BRYAN PEASE was arrested, there was [4] no evidence of widespread violence [and 5] no evidence of the imminent threat of widespread violence within two city blocks of BRYAN PEASE." These requests are identical to the ones propounded to the County and previously addressed. As before, Plaintiff's motion to compel is **DENIED**.

The Court does not find these requests seek relevant information to the claims and defenses and are therefore beyond the bounds of Rule 26. Plaintiff was arrested for failure to disperse after an unlawful assembly had been declared. *See* ECF No. 100 at 6. The Fourth Amended Complaint makes clear that Plaintiff was arrested *after* the declaration of unlawful assembly. ECF No. 89 at ¶¶ 2, 11, 12. Acts of violence or the imminent threat thereof in the time leading up to the declaration of unlawful assembly may be relevant to the declaration of unlawful assembly. But this request seeks evidence of violence occurring after the declaration at the time of Plaintiff's arrest. Whether or not there were still acts of violence occurring after the declaration of unlawful assembly, or within two blocks of Plaintiff's arrest, is not relevant to the claims alleged and so, the motion to compel is denied.

Similarly, the related discovery requests, Interrogatories 15, 16, and 17 (asking Defendants to identify all facts, persons, and documents, respectively, for each response to an RFA that was not an unqualified admission) and Request for Production No. 17 (requesting production of all documents which support the denial of a request for admission) are therefore also **DENIED**.

///

Requests for Production Nos. 8 and 9 ask for camera footage which Defendants believe show widespread violence or an imminent threat of widespread violence "at the location where BRYAN PEASE was arrested." ECF No. 100-2 at 48-49. Plaintiff's motion to compel as to this interrogatory is denied as duplicative and an attempted end-run around discovery. Plaintiff's requests for all footage of widespread violence or the imminent threat for all parts of the rally (RFPs 6 and 7) were denied above because there was ample opportunity to obtain that discovery during the previously open discovery period. *See* § III.(a). Had Plaintiff previously timely issued a request such that this request sought to supplement any additional footage that may be specific to Plaintiff, that request may have been permissible. But that is not the case. The scope of this interrogatory is subsumed by Request Nos. 6 and 7, which were denied. *Id.* It would be an unfair end-run around the currently open parameters of discovery to permit a response to this request under the present circumstances. *See, e.g., Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2–3 (S.D. Cal. Feb. 24, 2016) (finding subsequent RFP to be "substantially similar" to earlier RFP and rejecting as untimely joint discovery motion based on response deadline for subsequent RFP); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 12-CV-0260-H WVG, 2013 WL 3467413, at *5–7 (S.D. Cal. July 10, 2013) (declining to allow end run around discovery deadline via Rule 30(b)(6) deposition on twenty-four topics duplicative of interrogatory responses, to which the court already denied motion for supplemental responses).

**B. Disputes Regarding Body Cam Footage are Untimely**

Many of the requests at issue relate to the production of body cam footage, specifically: Requests for Production Nos. 4-10, Requests for Admission Nos. 1-3, and Interrogatory No. 5. ECF No. 100-1 at 2. City Defendants contend that such footage ("to locate acts of violence, or the lack thereof") is not relevant because Plaintiff Pease's complaint does not claim that violence was a reason for his allegedly unlawful arrest. ECF No. 100-1 at 6. Further, City Defendants argue that being required to review

9

hundreds of hours of video footage is not proportional to the needs of this case and would impose undue burden and expense. ECF No. 100-1 at 6.

While not raised by either party, the Court notes that during discovery in the *Ramirez* matter, the parties filed a request for "an extension of time within which to file a motion to compel regarding production of certain body camera footage that the parties are in the process of reviewing." ECF No. 45. The parties presented no good cause for the extension and failed to provide the information required by the Chambers' Rules. *See* ECF No. 45; Hon. Nita L. Stormes, Civil Case Procedures §§ III(C) and VI(C)(2)(d)). The Court denied the motion without prejudice to refiling the extension request in compliance with the Chambers' Rules. ECF No. 47. The parties again filed a request for extension, and presented as good cause the same arguments the parties assert in the present dispute:

> Good cause exists to extend the deadline to bring a motion regarding SDPD bodycam footage. The City is unwilling at this time to release all of the bodycam footage because of privacy and privilege concerns, as well as the undue burden of reviewing many hours of footage in order to produce only material, unprivileged footage. However, the bodycam footage from the officers who actually arrested Plaintiffs does not show what happened in the moments leading up to the arrests because they are blocked by other officers standing in front of them. Accordingly, City Defendants have agreed to make all bodycam footage available at the Office of the City Attorney for Plaintiffs' counsel to examine and further discuss what footage should be turned over. This will require more time.

ECF No. 48 at 2. Unfortunately, while the parties' second request for an extension included good cause, it did not include any information regarding the timeliness of the dispute. Accordingly, the Court ordered the *Ramirez* plaintiffs—through their counsel, Plaintiff, Mr. Pease—to supplement the request with information necessary to establish the dispute was timely. ECF No. 49 ("The amended joint motion presents good cause for the requested extension but continues to fail to satisfy the Chambers Rules, specifically, the parties fail to provide the Court with the original date or deadline that the motion to compel was due. … [*Ramirez*] Plaintiffs, as the party who would be filing a motion to

compel, must file a declaration providing the missing information at their earliest opportunity."). The *Ramirez* plaintiffs never filed the requested supplemental information, and so the Court denied the request for an extension. ECF No. 50 ("Plaintiffs were directed on August 9, 2018 to supplement the joint motion with the missing information at their "earliest convenience." [] No supplement has been filed, and sufficient time has now passed that the court concludes the motion is properly DENIED. [Dated August 22, 2018]).

Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, the Court must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). Moreover, courts in this district, including this one, routinely reject attempts to circumvent discovery deadlines via duplicative discovery requests. *See, e.g., Cruz v. United States*, No. 14CV2956-LAB (DHB), 2016 WL 727066, at *2–3 (S.D. Cal. Feb. 24, 2016) (finding subsequent RFP to be "substantially similar" to earlier RFP and rejecting as untimely joint discovery motion based on response deadline for subsequent RFP); *see also Bird v. PSC Holdings I, LLC*, No. 12-CV-1528 W NLS, 2013 WL 1120659, at *1 (S.D. Cal. Mar. 18, 2013) (finding joint motion untimely where submitted by separate defendant represented by the same counsel, advising the parties that "any discovery demands which are substantially similar to previous demands will not re-start the clock for filing a discovery motion, and may be grounds for a protective order").

Requests regarding body cam are plainly duplicative of prior requests and the subject of a prior dispute. Thus, any discovery dispute regarding the production of the body cam footage is now untimely.[6] That Plaintiff re-submitted these discovery requests

---

[6] To the extent the parties reached agreement in the handling of production of body cam footage in response to the prior dispute, the Court expects the parties to honor that agreement. *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, 316CV0698CABNLS, 2018 WL 1001097, at *5 (S.D. Cal. Feb. 21, 2018) ("It is important to the Court that the parties meaningfully engage in the meet and confer process and to further that goal it is appropriate that the Court hold the parties to the agreements reached during that process."). However, no order regarding these requests is appropriate in light of the untimely nature of the motion to compel.

11

following consolidation does not re-start the clock. As stated in both the initial and consolidated scheduling orders in this case:

> If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue.**

ECF No. 74 at 3 (emphasis in original); ECF No. 18 at 2. The discovery dispute regarding body cam footage is untimely.

In addition to reasons stated above regarding ample opportunity, Plaintiff's motion to compel further responses regarding body cam footage is also DENIED as untimely as to Requests for Production Nos. 4, 5, 6, 7, 10; Requests for Admission Nos. 1, 2, 3; and Interrogatory No. 5.

### C. Dispute Regarding the After-Action Report is Untimely

The after-action report at issue is a report prepared after the event to 'examine the pre-planning, execution, and demobilization by the San Diego Police Department and allied agencies as it relates to the Trump Rally on May 27, 2016.' It is dated June 21, 2016." ECF No. 100-3 at 2-3. It was produced by City Defendants "on April 11, 2018 in redacted form." ECF No. 100-3 at 2.

Plaintiff argues the un-redacted after-action report is responsive to RFP Nos. 3 and 4, and thus should be produced. ECF No. 100-1 at 2-3. City Defendants counter that the after-action report is not responsive to RFP Nos. 3 or 4. ECF No. 100-1 at 7. The City further contends that because the redacted version of the after-action report was produced in April 2018, Plaintiff's current request is an attempt to "take a second bite of the apple." ECF No. 100-1 at 7. In response, Plaintiff acknowledges the redacted report was produced, but argues this does not preclude him from obtaining an un-redacted version in his consolidated case. ECF No. 100-1 at 2-3.

Plaintiff's motion to compel is untimely. The City's "initial response" to Plaintiff Pease's after-action report requests was in April of 2018. ECF No. 100-1 at 7. Pursuant to this Court's Chambers' Rules, counsel were required to file their joint motion for determination of their discovery dispute within forty-five days of the initial response. Hon. Nita L. Stormes, Civil Case Procedures § VI(C)(2)(b). This discovery dispute is being filed approximately one year later. *See* ECF No. 100 (filed April 19, 2019). "A failure to comply [with the timing requirements] will result in a waiver of a party's discovery issue." ECF No. 74 at 3; ECF No. 18 at 2. Plaintiff's re-issuance of a discovery request does not re-start the clock. *See, e.g., Cruz v. United States*, 2016 WL 727066, at *2–3; *Bird v. PSC Holdings I, LLC*, 2013 WL 1120659, at *1). Likewise, Plaintiff's argument that consolidated cases retain their independent character as the basis to permit duplicative discovery is belied by Plaintiff's own actions and treatment of this case: Plaintiff's own representations to the Court indicate understanding that the consolidation was for all purposes other than trial.[7] *See* ECF No. 61 at 4 ("parties do not intend to duplicate any discovery and can combine the discovery in the two cases. However, the cases should not be consolidated for trial purposes"); ECF No. 68 at 4-5 ("Plaintiffs do not seriously contend that prejudice would result from pre-trial consolidation. To the extent Plaintiffs are concerned with trial issues, Plaintiffs acknowledge that the Court has authority to bifurcate trial[,] . . . retain[ing] their separate characters' and warrant[ing] 'a separate judgment in each case." Plaintiff's motion to compel is **DENIED** as untimely.

**D. Other Disputed Requests**

The only remaining requests that are not addressed by the above analysis are Requests for Admission Nos. 20-23, and Requests for Production 15 and 16.

> RFA No. 20: "Admit that the location where BRYAN PEASE was arrested is beyond visual sight of the San Diego Convention Center."

---

[7] Additionally, all plaintiffs sought leave to jointly file a consolidated fourth amended complaint (ECF Nos. 71, 89), when the Court had not required a consolidated complaint. *See* ECF No. 85 at 2, 4.

ECF No. 100-2 at 18. In its original response, the City objected, and provided no response. ECF No. 100-2 at 18. In response to Plaintiff's motion to compel, the City indicates it has since supplemented its response. *Id.*

Without knowing what the supplemental response is, and whether Plaintiff was satisfied with it, there is nothing for the Court to compel. To the extent the City may have supplemented its response on the eve of the deadline of filing this motion, the Court does not condone such a practice. The parties are expected to meet and confer regarding discovery responses and the joint motion so that only disputed requests are presented for adjudication. Nonetheless, based on the City's representation that a supplemental response was provided an no other argument from Plaintiff, the motion to compel is **DENIED AS MOOT** as to RFA No. 20.

> RFA No. 21: "Admit that when BRYAN PEASE was arrested he was not physically impeding the movement of law enforcement."

ECF No. 100-2 at 19. City Defendants objected, claiming the information sought is "not relevant to the claims or defenses of any party." *Id*.

The Court disagrees. Plaintiff's case is, at its core, challenging his arrest. This request seeks information directly related to the circumstances of his arrest. This information is within the bounds of permissible Rule 26 discovery. The Court **GRANTS** Plaintiff's motion to compel as to RFA No. 21. Defendants are to provide an answer consistent with Rule 36 by no later than **14 days** from the date of this order.

> RFA No. 22: "Admit that when BRYAN PEASE was arrested he was walking backwards at approximately the same speed that the line was advancing, maintaining at least 15 feet from the line of advancing law enforcement officers."

ECF No. 100-2 at 19. City Defendants objected, claiming that it seeks information with is not relevant to Plaintiff Pease's claims. *Id.*

For the same reason as RFA No. 21, the Court overrules Defendants' objection. Plaintiff is plainly asking about the circumstances of his arrest, which is the issue of the case. City Defendants claim that the request is "overly broad as to time" and "vague and ambiguous." *Id*. at 19-20 (noting that it is "unclear at what point in time the request is referring to, what 'line' he is referring"). These objections are not persuasive; the request is understandable, and Defendants' answer may, consistent with Rule 33, only admit or deny parts of the request. Plaintiff's motion to compel is **GRANTED** as to RFA No. 22. Defendants are to provide an answer consistent with Rule 36 by no later than **14 days** from the date of this order.

> RFA No. 23: "Admit that BRYAN PEASE was filming the advancing line of law enforcement personnel at the time he was arrested."

ECF No. 100-2 at 20. Defendants object, again stating that the information sought is irrelevant. *Id*. However, as with the previous requests in this category, Plaintiff Pease is requesting an admission directly related to the circumstances of his arrest. Plaintiff's motion to compel is **GRANTED** as to RFA No. 23. Defendants are to provide an answer consistent with Rule 36 by no later than **14 days** from the date of this order.

> RFP No. 15: "Produce the timeline previously prepared by Lt. Adam Sharki without redactions."

ECF No. 100-2 at 51. Defendants' response indicates that the unredacted report was produced. *Id.* at 52. Plaintiff's motion to compel is therefore **DENIED AS MOOT**.

> RFP No. 16: "For each response YOU made to the Requests for Admission propounded by Plaintiff BRYAN PEASE on the CITY OF SAN DIEGO, which is not an unqualified admission, produce any and all DOCUMENTS which support the denial of the particular Request for Admission."

ECF No. 100-2 at 52. Plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART**. To the extent that there may be documents that are specific and

15

limited to the scope of Requests for Admission Nos. 21-23 for which the Court ordered Defendants to provide further responses, documents should also be produced. To the extent that Plaintiff's motion to compel for any Request for Admission was denied (RFAs 1-10, 14-19, 20, 25), the request to produce documents is also denied. Any responsive documents should be produced within 14 days of the order.

### E. Attorneys' Fees

The Court declines to grant attorneys' fees to either party. *M.B.L., Inc. v. Fed. Ins. Co.*, No. CV 13-03951 BRO (AGRx), 2014 U.S. Dist. LEXIS 197240, at *6 (C.D. Cal. June 16, 2014) ("District courts have discretion to award attorney's fees and costs for discovery misconduct either under Federal Rule of Civil Procedure 37 or under their inherent authority to manage the proceedings before them.") (citing Fed. R. Civ. P. 37 and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991)).

## IV. CONCLUSION

Plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART**. Defendants are to provide answers to Requests for Admission Nos. 21, 22, and 23 within 14 days of this order. The motion to compel is **denied** as to all other requests for the reasons provided in this order.

IT IS SO ORDERED.

Dated: May 20, 2019

Hon. Nita L. Stormes
United States Magistrate Judge