# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO CERVANTES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN, *et al.*, <br><br> Defendants. | Case No. 17-cv-1230-BAS-NLS <br> Case No. 18-cv-1062-BAS-NLS <br><br> **ORDER OVERRULING PLAINTIFF BRYAN PEASE'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDERS** <br><br> **[ECF No. 108, 109]** |
| BRYAN PEASE, <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF WILLIAM GORE, *et al.*, <br><br> Defendants. | |

Magistrate Judge Stormes denied Plaintiff Bryan Pease's first motion for discovery from the County Defendants (ECF No. 103), and granted in part and denied in part Pease's second motion for discovery from the City Defendants, (ECF No. 104).[1] Pease objects to both rulings in noticed motions. (ECF Nos. 108, 109). The

---

[1] The County Defendants include the County of San Diego and County Sheriff William Gore. The City Defendants include the City of San Diego and San Diego Police Chief Shelley Zimmerman, Christopher Bernard, Brett Crawford, Curtis Doll,

motions are suitable for determination on the papers submitted without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons herein, the Court overrules both Objections and affirms the corresponding denials of Pease's motions for discovery.

**BACKGROUND**

On June 6, 2017, ten plaintiffs filed a Complaint against the County and City of San Diego, along with various officers, claiming Defendants wrongfully arrested them during a protest in connection with a rally for then presidential candidate Donald Trump. (ECF No. 1.)[2] According to the operative Complaint, San Diego City Police Chief Zimmerman wrongfully declared the assembly unlawful after "minor scuffles," and, as a result, Plaintiffs were denied their right to peacefully assemble and were subject to false imprisonment and assault and battery. These original Plaintiffs are represented by attorney Bryan Pease, who also apparently attended this protest. The initial discovery order required that discovery be completed by June 1, 2018. (ECF No. 18 ¶ 5.)

On May 29, 2018, Bryan Pease filed his own separate complaint alleging wrongful arrest based on the same material factual allegations set forth in the original case. (*Pease v. San Diego County Sheriff William Gore*, No. 18-cv-1062-BAS-NLS, ECF No. 1 (S.D. Cal. May 29, 2018) [hereinafter "*Pease*, No. 18-cv-1062"]). Pease claims he was arrested in a different location and was not an actual witness to the original Plaintiffs' arrest. (*Pease*, No. 18-cv-1062, ECF No. 24.) But Pease's claims are identical to those of the original Plaintiffs.

Defendants moved to consolidate the two cases, expressing concern that separate cases would duplicate efforts, particularly in discovery. (ECF No. 54.) The

---

Christopher Lingenhol, Arturo Morales, Jr., Nathan Parga, Ricky M. Radasa, Michael Rojas, Jonathan Wells, Franklin White, Kyle Williams, and Jeff Willkomm.

[2] Six plaintiffs have been voluntarily dismissed since the original complaint's filing, leaving only four of the original plaintiffs.

Court terminated Defendants' motion and, instead, ordered Plaintiffs to show cause why the cases should not be consolidated. (ECF No. 55.) Plaintiffs opposed consolidation "at least for purposes of trial," primarily arguing that consolidation could result in Bryan Pease being conflicted from representing the original Plaintiffs at trial. (*Pease*, No. 18-cv-1062, ECF No. 24.) With respect to the concern about discovery duplication, Pease represented that he did not intend to duplicate "and can combine the discovery in the two cases." (*Id.*) As Pease stated, "consolidation is not required to avoid duplicative discovery. Evidence and discovery produced in one lawsuit can be used in subsequent litigation as long as it is relevant." (*Id.*)

The Court consolidated the two cases, at least for discovery and pretrial purposes, reserving the issue of whether separate trials might prove necessary. (ECF No. 68.) On January 11, 2019, the Magistrate Judge held a new case management conference to establish a consolidated schedule and concluded "[f]act discovery in the lead case closed on November 30, 2018, after the parties requested and were granted, two separate extensions of time to complete fact discovery." (ECF No. 74 ¶ 2.) The Magistrate Judge concluded that fact discovery in the original case remains closed, but that "[f]act discovery limited to Plaintiff Pease's claims shall be completed by April 19, 2019." (*Id.* ¶ 3.)

After the issuance of the consolidated scheduling order, Pease sought his own discovery. And after some three months, Pease filed his motions to compel certain discovery. (ECF Nos. 91, 100.) He has filed two objections to the Magistrate Judge's denial of these motions. (ECF Nos. 108, 109.) Pease raises three objections to the Magistrate Judge's ruling: (1) Pease should be allowed to completely reopen discovery, even if the general topics of his discovery concern the same topics relevant to the original Plaintiffs' claims; (2) Defendants should respond to his Requests for Admission concerning any widespread violence occurring at the time of his arrest, even if the reason for the arrest was an earlier declaration that the assembly was unlawful; and (3) Pease should be allowed to depose San Diego County Sheriff

William Gore.

**LEGAL STANDARD**

The district court may reconsider any non-dispositive pretrial ruling of the magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72; *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th Cir. 1991) (magistrate judge's decision on a non-dispositive issue is reviewed by the district court for clear error); *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.,* No. 06-cv-1584 H(POR), 2008 WL 753956, at *1 (S.D. Cal. Mar. 18, 2008) ("The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions [citation omitted] including rulings on discovery disputes where the magistrate judge is afforded broad discretion. [citation omitted]."). Discovery issues are generally non-dispositive. *Maisonville v. F2 America, Inc.,* 902 F.2d 746, 748 (9th Cir. 1996).

District courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002). The history of discovery and consequent amendments to Rule 26 is one of encouraging the courts to impose "'reasonable limits on discovery through increased reliance on the common sense concept of proportionality.'" *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (quoting Court Rules, 192 F.R.D. 340, 390). "In deciding whether to restrict discovery under Rule 26(b)(2)(C) the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Id.* at 602 (quotations omitted). Accordingly, if the burden or expense of the proposed discovery outweighs the likely benefit, a district court may set limits on the discovery. *Cascade Yarns, Inc. v. Knitting Fever, Inc.,* 755 F.3d 55, 59 (1st Cir. 2014).

"[A] district court is vested with 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.'" *Amarel v.*

*Connell,* 102 F.3d 1494, 1515 (9th Cir. 1996) (quoting *Campbell Industries v. M/V Gemini,* 619 F.2d 24, 27 (9th Cir. 1980)). Courts "routinely reject attempts to end-run around discovery deadlines." *Cruz v. United States*, No. 14-cv-2956-LAB (DHB), 2016 WL 727066, at *2 (S.D. Cal. Feb. 24, 2016); *see also Bird v. PSC Holdings, LLC,* No. 12-cv-1528 W (NLS), 2013 WL 1120659, at *1 (S.D. Cal. Mar. 18, 2013) ("[A]ny discovery demands which are substantially similar to previous demands will not re-start the clock for filing a discovery motion.").

## ANALYSIS

### A. Attempt to Reopen Discovery

Many of Pease's objections to the Magistrate Judge's discovery rulings flow from his belief that the Magistrate Judge improperly denied him the asserted right to seek discovery in his separately filed case and Pease's corollary belief that consolidation does not overcome that asserted right.

This is, however, a unique set of consolidated cases. As the Magistrate Judge observed: (1) the original Plaintiffs and Pease's claims were consolidated because they involved the exact same material factual circumstances despite being filed a year apart from each other; (2) Pease has acted as counsel for the original Plaintiffs since the original case's inception; (3) Pease's constitutional and Section 1983 claims are identical to those of the original Plaintiffs; (4) discovery with respect to the original Plaintiffs lasted for over a year, and Pease was an active participant in the discovery; (5) Pease has repeatedly reassured the Court that the parties could and would share discovery between the cases to prevent duplicative discovery; (6) discovery with respect to the original Plaintiffs' case has closed, with the only open discovery limited specifically to Pease's claims.

In light of these unique factual circumstances, the Court finds the Magistrate Judge appropriately exercised her broad discretion over discovery matters to apply a "common sense concept of proportionality" and to rule that Pease should not be

allowed to reopen discovery with respect to the global issues already subject to discovery in the original case. This ruling is neither clearly erroneous, nor contrary to law. The fact that Pease filed a separate case, alleging the exact same claims, just as discovery was closing in the first case, should not restart the discovery clock.[3]

## B. Requests for Admissions

Pease filed Requests for Admission seeking admission from Defendants that there was no widespread violence at the time of his arrest. Defendants objected, and the Magistrate Judge found the Request for Admission was irrelevant. Defendants allegedly arrested Pease for failing to disperse after the City had declared the assembly unlawful. Thus, the Magistrate Judge concluded that the relevant issue is whether the City improperly declared the assembly to be unlawful. According to the Magistrate Judge, widespread acts of violence leading up to this declaration are relevant; widespread acts after this declaration are not. This Court concurs, and, exercising its "broad discretion to determine relevancy," finds the Requests for Admission are not relevant.

## C. Requested Deposition of County Defendant Sheriff Gore

"High-ranking government officials are not normally subject to depositions." *Thomas v. Cate,* No. 1:05-cv-1198-LJO-JMD-HC, 2010 WL 1343789, at *1 (E.D. Cal. Apr. 5, 2010). The reason for this rule should be self-evident. A deposition for a high-ranking official can "create[] a tremendous potential for abuse or harassment." *K.C.R. v. County of Los Angeles,* No. cv-13-3806 PSG (SSx), 2014 WL 3434257, at

---

[3] Pease also objects to the Magistrate Judge's denial of his request for an unredacted version of an "After Action Report" that the City Defendants produced in the earlier case in April 2018 in response to a discovery request from Pease in his capacity as counsel in the original case. (ECF No. 109-1 at 11–12.) The Court overrules Pease's objection for the reasons that the Court affirms the Magistrate Judge's denial of Pease's attempt to reopen discovery.

*3 (C.D. Cal. July 11, 2014) (quotation omitted). In the case of a high-profile individual like Sheriff Gore, he would do nothing but sit for depositions all day and could hardly function as the County Sheriff if the rule were otherwise.

This does not mean, however, that an individual like Sheriff Gore is immune from all depositions:

> A party seeking the deposition of a high-ranking government official must show: (1) the officials' testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources.

*Thomas,* 2010 WL 1343789, at *1; *see also K.C.R.,* 2014 WL 3434257, at *3 ("In determining whether to allow [a deposition of a high-ranking official], courts consider (1) whether the deponent has unique first-hand non-repetitive knowledge of the facts at issue in the case, and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.") (quotations omitted).

The Magistrate Judge correctly ruled that Pease failed to meet this burden. There is no question that Sheriff Gore is a high-ranking official, and Pease does not argue otherwise. *See Myles v. Cty. of San Diego*, No. 15-cv-1985-BEN (BLM), 2016 WL 4366543, at *4 (S.D. Cal. Aug. 15, 2016). Pease has failed to demonstrate that any information he could get from Sheriff Gore is not available from another source. Although Pease argues vehemently that Sheriff Gore must have known about the declaration of unlawful assembly, he makes no effort to argue that Sheriff Gore has unique information about this declaration. Therefore, the Magistrate Judge properly denied Pease's request to depose Sheriff Gore.

## CONCLUSION & ORDER

For the foregoing reasons, Plaintiff Pease's Objections to the Magistrate Judge's rulings are both **DENIED**. (ECF Nos. 108, 109.) To the extent the Magistrate Judge refused to compel discovery, the ruling is affirmed.

**IT IS SO ORDERED.**

DATED: July 15, 2019

Hon. Cynthia Bashant
United States District Judge