**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIRO CERVANTES, *et al.*,<br><br>                              Plaintiffs,<br>   v.<br>SAN DIEGO POLICE CHIEF<br>SHELLEY ZIMMERMAN, *et al*.,<br>                              Defendants.<br><br>BRYAN PEASE,<br>                              Plaintiff,<br>   v.<br>SAN DIEGO COUNTY SHERIFF<br>WILLIAM GORE, *et al.,*<br>                              Defendants. | CONSOLIDATED ACTIONS:<br><br>Case No. 17-cv-1230-BAS-AHG<br>Case No. 18-cv-1062-BAS-AHG<br><br>**ORDER GRANTING EX PARTE APPLICATION TO VACATE TRIAL DATE AND RELATED DEADLINES**<br><br>**[ECF No. 148]** |

On January 2, 2020, Defendants moved *ex parte* to request that the Court vacate the trial date, final pretrial conference, and all trial-related deadlines pending the Court's decision on the cross-summary judgment motions filed in this action. (*Ex Parte* App., ECF No. 148.) The motions were fully briefed on December 23, 2019. ECF No. 131, 132.)

Plaintiffs oppose a continuance of these dates on the grounds that the case has been pending for over three years and relies wholly on key footage contained in "586 bodyworn camera videos" produced in May 2019 that would resolve the case in Plaintiffs' favor.

- 1 -

(Opp'n at 2–4, ECF No. 149.) Defendants filed the Declaration of Catherine Richardson, the Senior Chief Deputy City Attorney, in response to Plaintiff's opposition, contesting Plaintiffs' statements about the production of the bodyworn camera footage. (ECF No. 150.)

Ex parte relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To be proper, an *ex parte* application must demonstrate good cause to allow the moving party "to go to the head of the line in front of all other litigants and receive special treatment." *Id.* at 492. Accordingly, the use of an *ex parte* procedure is justified only when:

> (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

*Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D.Cal.1989)). The Court construes Defendants' request as one seeking a routine procedural order that cannot be obtained through a regularly noticed motion.

Defendants allege that good cause exists to vacate trial-related deadlines because the recently-briefed summary judgment motions will likely not be resolved before the current trial date of March 31, 2020, and because the Court's decision on those motions "will likely affect the scope of what is included in the parties' pretrial disclosures, and will also impact the other pretrial procedures . . . ." (*Ex Parte* App. At 1.) The earliest trial-related deadline is the parties' pretrial disclosures deadline, which is set for January 6, 2020. (First Am. Scheduling Order, ECF No. 124.)

The Court finds that Defendants have stated good cause to vacate trial-related deadlines until the summary judgment motions have been resolved. The age of this litigation notwithstanding, it would be an impractical and inefficient use of judicial resources to require the parties and the Court to prepare for trial when the Court has yet to issue a decision on summary judgment motions that may be dispositive of some, or all,

claims or parties. Further, the majority of Plaintiffs' objection does not state why Defendants' request is not supported by good cause, but instead seeks to argue that the issues arising on summary judgment are "simple" and "straightforward" and should therefore be resolved in Plaintiffs' favor. This analysis of the merits is not the appropriate focus of an ex parte briefing. *In re Intermagnetics Am., Inc.*, 101 B.R. at 194 (*ex parte* papers "ought properly to be addressed to the need to exceed the page limit or for shortened time, rather than to the substance of the motion itself").

The Court therefore **GRANTS** Defendants' Ex Parte Application (ECF No. 148) and **VACATES** the trial date, final pretrial conference, and all other trial-related deadlines pending the Court's decision on the summary judgment motions filed in this action.

**IT IS SO ORDERED.**

DATED: January 6, 2020

Hon. Cynthia Bashant
United States District Judge