**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIRO CERVANTES, *et al.*,<br><br>                        Plaintiffs,<br>   v.<br>SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN, *et al*.,<br><br>                        Defendants. | CONSOLIDATED ACTIONS:<br><br>Case No. 17-cv-1230-BAS-AHG<br>Case No. 18-cv-1062-BAS-AHG<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO SUPPLEMENT RECORD FOR SUMMARY JUDGMENT MOTION**<br><br>**[ECF No. 157]** |
| BRYAN PEASE,<br><br>                        Plaintiff,<br>   v.<br>SAN DIEGO COUNTY SHERIFF WILLIAM GORE, *et al.,*<br><br>                        Defendants. | |

     Before the Court is Plaintiffs' *Ex Parte* Application to supplement the record on summary judgment with the bodyworn camera (BWC) footage of three officers. (ECF No. 157.) The City opposes. (ECF No. 160.)

     "The 'opportunities for legitimate *ex parte* applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). To warrant relief, an *ex parte* application must demonstrate good cause to allow the moving party "to go to

the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'r Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492.

Plaintiffs have failed to make either showing in their Application. First, in a lengthy declaration, Plaintiffs' counsel recites a chronology of events beginning in May 2016, during which Defendant City of San Diego ("City") allegedly delayed production of almost 600 BWC videos until June 2019 and prevented him from downloading the videos himself. (Decl. of Bryan Pease ("Pease Decl.") ¶¶ 7–11, ECF No. 157-1.) However, Plaintiffs offer no specific argument explaining the harm that will result from the omission of these videos, including by reference to any specific merits of their Cross Motion for Summary Judgment. *See Mission Power*, 883 F. Supp. at 492 ("A showing of irreparable prejudice usually requires reference to the merits of the underlying motion."). Mr. Pease only states that the videos "would show without question that Defendants conspired to violate Plaintiffs' civil rights[.]" (Pease Decl. ¶ 10.) This conclusory statement is not sufficient to satisfy Plaintiffs' burden for *ex parte* relief.

Second, this appears to be a rehashing of a discovery dispute that was raised before the Court in August 2018. At that time, the parties jointly requested an extension of time to file a discovery dispute regarding the release of BWC footage of the underlying incidents. (ECF No. 48.) Noting noncompliance with chambers' rules, Magistrate Judge Stormes allowed Plaintiffs to supplement the joint motion to demonstrate the timeliness of the request for the extension. (ECF No. 49.) After two weeks during which Plaintiffs failed to file a supplemental response, Magistrate Judge Stormes denied the joint motion. (ECF No. 50.) Thus, it appears that Plaintiffs had the opportunity to address this dispute over a year before their deadline to file their Cross Motion for Summary Judgment, and yet

failed to do so.  Thus, Plaintiffs have not shown that the circumstances allegedly warranting this Application were not of Plaintiffs' own making or the result of excusable neglect.

Accordingly, Plaintiffs' *Ex Parte* Application (ECF No. 157) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 7, 2020

Hon. Cynthia Bashant
United States District Judge