1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

8

9    JAIRO CERVANTES, *et al.*,                    CONSOLIDATED ACTIONS:

                                    Plaintiffs,    Case No. 17-cv-1230-BAS-AHG
10                                                 Case No. 18-cv-1062-BAS-AHG
         v.
11                                                 **ORDER GRANTING PLAINTIFFS'**
     SAN DIEGO POLICE CHIEF                        **MOTION TO SUPPLEMENT**
12   SHELLEY ZIMMERMAN, *et al*.,                  **RECORD FOR SUMMARY**
                                                   **JUDGMENT MOTIONS**
                                    Defendants.
13                                                 **[ECF No. 163]**

14   BRYAN PEASE,

15                                    Plaintiff,

16       v.

17   SAN DIEGO COUNTY SHERIFF
     WILLIAM GORE, *et al.,*
18
                                    Defendants.
19

20          Before the Court is Plaintiffs' Motion to Supplement the Record on Summary

21   Judgment ("Motion") with the bodyworn camera (BWC) footage of three officers—totaling

22   18 videos and nine hours of footage—that "show the entire three-hour span from the time

23   the unlawful assembly was declared . . . to the final arrests . . . from three different angles."

24   (Mot. at 4, ECF No. 163.)  Plaintiffs seek to belatedly supplement the record because, they

25   allege, the City "repeatedly and steadfastly refused to provide the videos in a form that

26   could be lodged with the Court[,]" requiring Plaintiffs' counsel to review the footage

27   himself and to purchase special software to record the videos in order to provide them to

28   the Court on summary judgment.  (Mot. at 3–4.)  The City maintains that although it

- 1 -

1  "offered to download specific videos upon request[,]" Plaintiffs' counsel never made such

2  requests.  (Opp'n to Mot. at 3, ECF No. 164.)

3       Upon review of the Motion briefings, the summary judgment motions previously

4  submitted by the parties, and the evidentiary record, the Court finds this supplemental

5  evidence necessary to resolve the issues on summary judgment.  As best can be understood

6  by the Court, a key dispute on summary judgment is whether the circumstances after the

7  declaration of the unlawful assembly on May 27, 2016 created a lawful justification for

8  Defendants' dispersal efforts and ultimate arrests of Plaintiffs, which underlie most, if not

9  all, causes of action remaining in this case.[1]  Where there is video footage of disputed facts,

10  the Court is obligated to review it.  *Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (holding

11  that courts, when faced with a "version of events . . . so utterly discredited by the record,"

12  the Supreme Court instructs lower courts to not rely on "such visible fiction" and "view[ ]

13  the facts in the light depicted by the videotape"); *see also Duclos v. Tillman*, No. 14-CV-

14  149-BAS (KSC), 2016 WL 8672917, at *2 (S.D. Cal. Mar. 11, 2016) ("[T]he existence of

15  unambiguous video footage can alter how the district court assesses the facts of the case.")

16  (citing *Scott*).

17       Defendants object to the admissibility of the BWC videos on the basis that "[t]here

18  is no authentication provided and no foundation laid for the videos by the officers who took

19  the videos."  (Opp'n to Mot. at 5, ECF No. 164.)  However, because Defendants provided

20  this footage to Plaintiff in response to discovery requests, the footage is self-authenticating.

21  *See Barefield v. Bd. of Trustees of Cal. State Univ., Bakersfield*, 500 F. Supp. 2d 1244,

22  1257–58 (E.D. Cal. 2007) ("[A] party may authenticate a document by virtue of the fact the

23  document was produced in discovery 'when the party identifies who produced the

24  document, or if the party opponent admits to having produced it.'") (quoting *Orr v. Bank

25  of America, NT & SA*, 285 F.3d 764, 777–78 (9th Cir. 2002)); *see also Gogue v. City of Los*

26

---

27  [1] Defendants also identify the period from the declaration of the unlawful assembly to Plaintiffs' arrests
28  as the relevant time period during which the claims in this case purportedly accrued.  (*See* Mem. of P. &
A. in supp. of City's Mot. for Summ. J. at 2–4, ECF No. 126-1.)

*Angeles*, No. CV 09-02610 DMG (EX), 2010 WL 11549706, at *6 (C.D. Cal. June 15, 2010). Defendants do not contest the authenticity of the footage, just Plaintiffs' failure to authenticate it properly. This is insufficient to exclude the footage from consideration on summary judgment. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (affirming lower court's consideration of documents, over authentication objection of defendant, where defendant produced the documents and did not challenge their authenticity); *see also Salkin v. United Servs. Auto. Ass'n*, 835 F. Supp. 2d 825, 828 (C.D. Cal. 2011), *aff'd sub nom. Salkin v. USAA Life Ins. Co.*, 544 F. App'x 713 (9th Cir. 2013).

Accordingly, the Court **GRANTS** Plaintiffs' Motion (ECF No. 163). The Court will also allow Defendants to lodge additional footage in response.[2] However, the Court will not review exorbitant amounts of footage. It is the parties' obligation to identify the particular parts of the evidentiary to support their motions for summary judgment. It is not a district court's responsibility to scour voluminous records to find evidentiary support for either parties' position. *See Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (the court is not obligated "to scour the record in search of a genuine issue of triable fact").

Thus, both parties are **ORDERED**, by **July 8, 2020**, to submit BWC footage and identify the precise intervals of time in each video that supports specific arguments in their briefs. There is little doubt that some or a substantial portion of the BWC footage is needlessly cumulative. Thus, the intervals cited by the parties **shall not exceed two hours each**. The parties shall describe of the events reflected in each video clip, and the relevance of those events to specific claims. If a party does not sufficiently explain the relevance of a clip to a cause of action, the Court will not consider it on summary judgment.

**IT IS SO ORDERED.**

**DATED: June 23, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[2] Defendants request to lodge additional footage, arguing that Plaintiffs' counsel "cherrypicked" 18 out of 600 BWC videos to submit to the Court. In the interest of fairness, and again recognizing the Supreme Court's mandate in *Scott v. Harris*, 550 U.S. 372 (2007), the Court grants Defendants' request.