# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO CERVANTES, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br>SAN DIEGO POLICE CHIEF SHELLEY ZIMMERMAN, *et al.*,<br>　　　　　　　　Defendants. | CONSOLIDATED ACTIONS:<br><br>Case No. 17-cv-1230-BAS-AHG<br>Case No. 18-cv-1062-BAS-AHG<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO RE-TAX COSTS**<br><br>**(ECF No. 185)** |
| BRYAN PEASE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>SAN DIEGO COUNTY SHERIFF WILLIAM GORE, *et al.,*<br>　　　　　　　　Defendants. | |

　　　Following Defendants' successful summary judgment motion, County Defendants were awarded costs in the amount of $7,696.75 and City Defendants were awarded costs in the amount of $10,046.41. (ECF No. 184.) Plaintiffs now file a Motion for Re-taxation of these Costs. (ECF No. 185.) Defendants oppose. (ECF Nos. 186, 187.) For the reasons stated below, the Court **DENIES** Plaintiffs' request to reconsider the costs awarded.

## I. BACKGROUND

The claims in these consolidated civil rights actions arise from protests at a campaign rally for then presidential candidate Donald Trump at the San Diego Convention Center. (Fourth Amended Complaint ("FAC"), ECF No. 89.) Plaintiffs sued San Diego Police Department ("SDPD") officials, including then SDPD Chief of Police, Shelley Zimmerman ("the City Defendants"), and San Diego Sheriff's Department ("SDSD") officials, including Sheriff William Gore ("the County Defendants"), for violating their civil rights by preventing their peaceful assembly and arbitrarily arresting peaceful protesters. (*Id.*)

The City Defendants and the County Defendants were slightly differently situated: the County Defendants merely provided back-up and assisted the City Defendants with booking individuals into custody post-arrest. Both the City Defendants and the County Defendants brought separate Motions for Summary Judgment ("MSJ"). (ECF Nos. 127, 127.) Plaintiffs then brought Cross MSJ. (ECF No. 139.)

In their MSJ, the City Defendants cited to depositions taken of Plaintiffs Sanchez, Goodman, Cervantes, Goodman, and Pease. (ECF No. 126.) The City Defendants also cited depositions of City Defendants Zimmerman, Radasa, and Euler, and of witnesses Sharki, Sharp, and Myers. (*Id.*) In their MSJ, the County Defendants cited to the depositions of Plaintiff Steinberg, as well as County Defendant Cinnamo, City Defendants Zimmerman and Radasa, and witness Sharki. The County Defendants also relied heavily in their MSJ on a compilation video, including clips and screenshots taken from this video, of the protests and arrests. (*Id.*) Plaintiffs, in their Cross MSJ, cited depositions of Plaintiffs Cervantes, Goodman, Sanchez, and Steinberg. (ECF No. 139.) Plaintiffs also cited depositions of Defendants Cinnamo, Euler, and Maraschiello, as well as witnesses Boudreau, Miller, Myers, Sharki, and Sharp. (*Id.*)

The Court granted the County Defendants' MSJ in its entirety, granted the City Defendants' MSJ in part, and dismissed the remaining state law claims filed by the City

Defendants without prejudice to refiling the claims in state court.  (ECF No. 171.)  The court denied Plaintiffs' Cross MSJ. (*Id.*)

The City Defendants and the County Defendants filed separate requests for costs (ECF Nos. 173, 175), both of which were objected to by Plaintiffs.  (ECF Nos. 177, 181.) After a hearing, the Court Clerk taxed costs in the amount of $10,046.41 to the City Defendants and $7,696.75 to the County Defendants.  (ECF Nos. 183, 184.)  This motion ensued.  (ECF No. 185.)

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, costs, other than attorney's fees, should be awarded to the prevailing party in an action.  Fed. R. Civ. P., Rule 54(d).  Thus, "there is a presumption that the prevailing party will be awarded its taxable costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  "To overcome this presumption, a losing party must establish a reason to deny costs."  *Id.*  "There is a 'prevailing party' when there has been a 'material alteration of the legal relationship of the parties.'" *Miles v. State of Calif.*, 320 F.3d 986, 989 (9th Cir. 2003).

Specifically, under this district's local rules, "[i]t is the custom of the Court" to allow "costs incurred in connection with taking depositions including . . . the cost of an original and one copy of any deposition . . . necessarily obtained for use in the case." CivLR 54.1(b)(3)(a).  Similarly, this district customarily allows costs of copies "necessarily obtained for use in the case" if the copies "were used as court exhibits, either admitted into evidence, or attached to a motion."  CivLR 54.1(b)(6)(a)(2).  However, "if the depositions were merely useful for discovery [as opposed to necessary for use in the case], then they [are] not taxable items and their expense should [be] borne by the party taking them as incidental to normal preparation for trial." *Independent Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963).  Expense of a copy of a party's own depositions taken by an adversary should be allowed as costs because it might be used to impeach the party at trial and thus was clearly necessary for use in the case.  *Id.*

Finally, costs are customarily awarded for the costs of videotapes and other visual aids used as exhibits "if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at trial." CivLR 54.1(b)(7)(a).

## III. ANALYSIS

In this case, the Court granted the County Defendants' MSJ. The Court also granted in part the City Defendants' MSJ and dismissed the remaining state law claims against the City Defendants without prejudice. And, finally, the Court denied Plaintiffs' Cross MSJ. This was clearly a "material alteration of the legal relationship of the parties," and the parties agree that, therefore, the Defendants are the prevailing parties entitled to costs.

Plaintiffs, however, object to the costs awarded for deposition transcripts and to the costs awarded to the County Defendants for video-production of the video compilation attached to the County Defendants' MSJ.

### A.  Request by the City Defendants

The City Defendants requested costs for the original deposition transcript plus one certified copy of each Plaintiff's deposition, as well as the deposition of Plaintiff's expert David Myers. The City Defendants cited to each of these depositions in their MSJ and the Court finds they were not merely useful for discovery but "necessarily obtained for use in the case." Thus, Plaintiffs' objections to recovery of costs for these deposition transcripts is denied.

Similarly, the City Defendants requested costs for one certified copy of each of their named Defendants' depositions including Zimmerman, Euler, Maraschiello, and Radasa. Again, the City Defendants cited to the deposition transcripts of Zimmerman, Euler, and Radasa in their MSJ. Plaintiffs' Cross MSJ cited to Maraschiello's deposition transcript. All four of these deposition transcripts were "necessarily obtained for use in the case."

Additionally, the City Defendants requested costs for one certified copy of the depositions of Officers Sharki and Sharp. These officers testified about events that either happened at the protest or at the command center. Their deposition testimony was cited

both by the City Defendants in their MSJ and by the Plaintiffs in their Cross-MSJ. The deposition transcripts were necessarily obtained for use in the case.

Finally, the City Defendants requested costs for the original plus one certified copy of the deposition transcript of witness Dawn Miller. Ms. Miller was a participant in the protest and had critical information about what went on during the protest. Her deposition transcript was cited by Plaintiffs in their Cross MSJ. As such, the City Defendants were entitled to the cost of copies of the deposition transcript as necessarily obtained for use in the case.

### B. Request by the County Defendants

County Defendants requested costs for one certified copy of four of the five Plaintiffs (Cervantes, Sanchez, Steinberg, and Pease), as well as Plaintiffs' expert Myers. The County Defendants cited to the deposition of Plaintiff Steinberg in their MSJ, and Plaintiffs' Cross MSJ cited the depositions of Cervantes and Sanchez, as well as their expert Myers. Additionally, the City Defendants cited to the deposition of all five Plaintiffs and the Plaintiffs' expert Myers in their MSJ. The Court finds these deposition transcripts were necessarily obtained for use in the case.

Additionally, County Defendants requested costs for a certified copy of their named Defendant Cinnamo, which they cited in their MSJ. The Court finds this was necessarily obtained for use in the case.

County Defendants also requested costs for one certified copy of the deposition transcript of City Defendants Euler and Radasa. They cited to the Radasa transcript in their MSJ, and Plaintiffs cited to the Euler transcript in their Cross MSJ. These were both necessarily obtained for use in the case.

Finally, County Defendants request costs for one certified copy of the deposition transcripts of witnesses Sharki, Sharp, and Boudreau. As discussed above, Sharki and Sharp testified about events happening at the protest or the command center. Boudreau testified about training given to County Defendants on unlawful assembly. The County Defendants cited excerpts from the Sharki deposition in their MSJ, and Plaintiffs cited

excerpts from all three depositions in their Cross MSJ. These depositions were necessarily obtained for use in the case.

Plaintiffs also object to the $690.00 in costs submitted by County Defendants for preparation of the video excerpts prepared for submission to the Court as an exhibit for their MSJ, showing clips and stills of the protest. Plaintiffs do not argue that this video was not reasonably necessary to assist the Court in understanding the issues on MSJ. Instead, Plaintiffs argue that the County Defendants paid too much for this service. County Defendants submit an invoice from Seacoast Multimedia, detailing the costs of this service. Plaintiffs provide no evidence that the service could have been provided cheaper elsewhere. Thus, Plaintiffs objection on this ground is overruled.

## IV. CONCLUSION

To the extent Plaintiffs object to the costs awarded Defendants for the costs of depositions and for the costs of preparing the videotape exhibit, the objection is overruled and the Motion to Re-tax Costs (ECF No. 185) is **DENIED**. Defendants provide adequate support for their requests for costs. The Court finds these costs were all necessarily obtained for use in the case. Therefore, as the prevailing party, Defendants are entitled to these costs. The Court awards costs in favor of the City Defendants and against Plaintiffs in the amount of $10,046.41, and in favor of the County Defendants and against Plaintiffs in the amount of $7,696.75.

**IT IS SO ORDERED.**

**DATED: February 8, 2021**

Hon. Cynthia Bashant
United States District Judge